## MUSSELMAN v. GALLIGHER *et ux.*

1. Husband and wife: PARTIES : DEFENSES. Under our statute the husband has no common or joint interest in a right of action, accruing to the wife on account of a tort inflicted against her; and he cannot, therefore, be joined with her therein.

2. —— It is accordingly *held,* that in an action against the husband and wife jointly, they cannot set up, by way of set-off or cross-demand, a claim against the plaintiff for a previous malicious prosecution of the wife.

3. —— Nor could the husband, in such joint action, set up, by way of cross-demand, a claim for damages accruing to him for a malicious prosecution of his minor children or himself by plaintiff.

### *Appeal from Lucas District Court.*

THURSDAY, OCTOBER 5.

THE plaintiff sued James Galligher and his wife, on three causes of action stated in separate divisions of the petition. Among other defenses and cross-demands, pleaded by the defendants, they filed a second amended answer containing three counts, in the first of which they claim jointly against the plaintiff for a malicious prosecution of the wife; in the second, James alone claims damages for a malicious prosecution of his two minor children ; and, in the third count, he claims for a malicious prosecution of himself.

To the first count plaintiff demurred, on the ground that the husband could not join with the wife; and demurred to the second and third counts on the grounds that, being sued jointly with his wife, he could not set up his individual claims for torts, not being matters growing out of the original transactions sued on by the plaintiff.

The demurrer being overruled, the plaintiff appeals.

*Perry & Townsend* for the appellant.

*Wilkerson* and *Trimble* for the appellees.

MILLER, J. — I. The first question presented in the record is, whether the husband, James Galligher, was improperly joined with his wife in the cross-demand set up by them for malicious prosecution of the wife?

At the common law, a married woman was incapable of binding herself by contract, or of acquiring to herself, and for her exclusive benefit, any right by contract (1 Pars. on Cont. 345); nor could she sue or be sued alone. Her husband was in all cases a necessary party with her. *Rodemeyer* v. *Rodman*, 5 Iowa, 426. But by our statutes the whole policy of the common law in respect to these disabilities of married women has been changed.

Section 2505 of the Revision of 1860, as changed by chapter 126 of the Laws of the thirteenth General Assembly, reads as follows:

" Neither husband nor wife is liable for the debts or liabilities of the other, incurred before marriage, and, except as herein otherwise declared, they are not liable for the separate debts of the other, nor are the wages, earnings or property of either; nor is the rent or income of such property liable for the separate debts of the other."

It is further provided by section 2506, as amended by the same chapter, that " contracts may be made by a wife and liabilities incurred, and the same enforced against her to the same extent and in the same manner as if she were unmarried." And section 2771, as amended by section 11 of chapter 167 of the laws of the same General Assembly, provides, that " A married woman may in all cases sue and be sued without joining her husband with her, except in cases where the cause of action exists in favor of or against both."

Her personal property does not vest at once in her hus-

band. § 2499. She may convey her real property in the same manner as other persons. § 2215. She may also receive gifts and grants directly from her husband without the intervention of trustees. § 2200.

These provisions of the statute would seem to effect, as they were doubtless intended, a complete emancipation of married women from the disabilities of coverture to which they were subject by the common law, in respect to their rights of property, its freedom from the control of their husband or liability for their debts, and the wife's right to sue and be sued alone in respect thereto. Her separate property is hers exclusively; and, except homestead rights, her husband has no interest therein, either joint or in common with her, and it is under her exclusive control, unless she consent that he may have control of the same. He is not entitled to possess or control any of her property, real or personal, or to receive the rents or profits of the same. Since she is entitled to the use, rents, profits, income and control of her separate property — and such rents, profits and income are also her separate property equally with that out of which they issue or upon which they arise — it would seem clear that any right of action growing out of an injury to her separate property would also be hers as fully as the rents and profits or income thereof. In case of an injury to her lands or chattels, the right of action would be her property to the same extent as are her lands and chattels; and, if she is the sole and exclusive owner of the lands and chattels, she would likewise be the sole and exclusive owner of any cause of action for an injury to them.

The cross-demand pleaded in this case is not for an injury to the real or personal property of the wife, but for an injury to her. It is for malicious prosecution of the wife. Is this injury, or rather the right of action for the injury, property? And if so, is it the separate property of the wife?

Vol. XXXII. — 49

This question came before the supreme court of Illinois in *The Chicago, Bur. and Quincy R. R. Co.* v. *Dunn,* 52 Ill. 260.

The action in that case was to recover for personal injuries to a married woman, caused by alleged negligence of the railroad company, and the question made was, whether she could maintain the action in her own name without joining her husband.

A statute of Illinois, passed February 21, 1861, provided, that "all the property, both real and personal, belonging to any married woman as her sole and separate property, or which any woman hereafter married owns at the time of her marriage, or which any married woman, during coverture, acquires in good faith from any person, other than her husband, by descent, devise or otherwise, together with all the rents, issues, increase and profits thereof, shall, notwithstanding her marriage, be and remain, during coverture, her sole and separate property, under her sole control, and be held, owned, possessed and enjoyed by her the same as though she was sole and unmarried; and shall not be subject to the disposal, control or interference of her husband, and shall be exempt from execution or attachment for the debts of her husband." Mr. Chief Justice BREESE, in delivering the opinion, says: "A right to sue for an injury is a right of action — it is a thing in action, and is property. * * * Who is the owner of this right? Not the husband, because the injury did not accrue to him; it was wholly personal to the wife. It was her body that was bruised; it was she who suffered all the agonizing, mental and physical pain. Indirectly, it is true, the husband was an injured party also, during her disabilities, in the deprivation of his comfort by reason thereof, and by the further reason of his responsibilities for the charges for her care. For these he can undoubtedly sue and recover such damages as he may prove.

"Why is not this right of action property? Law

commentators of distinguished ability say it is, and with good reason, speaking according to well-recognized principles. * * *

"Would the purposes and objects of the act of 1861 be carried out, *could they be*, should this court hold, in view of the decision in *Emerson* v. *Clayton*, 32 Ill. 493, that the wife could not sue alone for an injury to her person. Suppose she is slandered, and the husband chooses to pass the slander by, though he knows that his wife is withering and agonizing under its influence? Suppose she is assaulted and beaten, and the husband, for causes satisfactory to himself, but having no foundation in reason or justice, refuses to prosecute the wrong-doer? Can it be denied the wife has, in both these cases, a property in the right of action the law gives; that it is her separate property, and that she acquired it during coverture? It is conceded she may sue for an injury to her horse, being her separate property, or bring her action of trespass for despoiling her of an ear ring, or any other personal ornament of value; but for grievous injuries to her person she must await the consent of her lord and master. This is not, in our judgment, in accordance with the spirit of the act of 1861.

"We are satisfied this right of action is property, included in the words 'all property;' it was the separate property of the wife, acquired during coverture, etc., and she alone can control it."

We have no hesitation in giving our approval to, and adopting the reasoning and conclusion of, the supreme court of Illinois in the case quoted from. It seems manifest that when the legislature has removed the common-law disabilities of coverture so that a married woman may acquire, enjoy and have sole control of her separate property as other persons may, and make contracts to the same extent as though she were unmarried, that whatever comes within the character of property, whether it arises upon

contract or tort, is to be treated as hers, and *is* hers in the same sense as it would be if she were unmarried. It is also clear that if a right of action for a physical injury to her person is property, of which there can be no doubt — *her separate property* — a cause of action for malicious prosecution of the wife is also her separate property. It is not the joint property of husband and wife any more than an assault and battery upon her alone would be. It is not a cause of action " existing in favor of both."

The injury to the wife is her separate and exclusive property, If the husband suffered any consequential injury for which he may have his action, such injury or right of action therefor is his separate property. But in the right of action accruing to the wife for the direct injury to her he has no common or joint interest.

It is argued that although the wife " may " under the statute sue alone, without joining her husband, yet it does not require that she *shall* sue alone. Section 2757 of the Revision requires, that " every action must be psosecuted in the name of the real party in interest, except as provided in the next section." The wife in this case is the real party in interest in the cause of action set up ; and the case does not come within the exception of the statute. The cause of action being her separate property, she being the real party in interest, she alone can sue thereon. It will also be seen from what follows that in this action the wife alone cannot set up this cause of action in her favor as a cross-demand.

II. The second question presented is, whether the defendants, being sued jointly, one of them, the husband, can set up by way of cross-demand his claims for damages for malicious prosecution of his minor children and of himself?

Under our system a defendant when sued may, in addition to his defenses to the action, set up against the plaintiff a cause of action, either as a set-off, counter claim

or cross-demand, according to the nature of the plaintiff's action and the facts upon which the defendant's cause of action is based. A set-off is any *independent* cause of action arising on contract or ascertained by the decision of a court and can be pleaded only in an action on contract. Rev., § 2886.

The counter claim is defined to be a cause of action in favor of the defendants, *or some of them*, against the plaintiff, *or some of them*, arising out of the contracts or transactions set forth in the plaintiff's petition as the foundation of his claim, or connected with the subject of the action. Rev., § 2889. So that if any one defendant, where there are more than one, holds a cause of action arising out of the contract or transactions set forth in the plaintiff's petition as *his* cause of action or connected with the subject of the action, it may be pleaded as a counter claim against the plaintiff, or against any one of them, if there are more than one. *Branch of St. Bk. at Iowa City* v. *Morris*, 13 Iowa, 136; *Briggs* v. *Briggs*, 20 Barb. 477; *Tinsley* v. *Tinsley*, 15 B. Monr. 460.

A cross-demand is "a statement of *any* new matter constituting *any* cause of action in favor of the defendant, *or all the defendants, if more than one*, against the plaintiff, *or all the plaintiffs, if more than one*, and which the defendant or defendants might have brought when the suit was commenced, or which was then held, whether matured or not, if matured when pleaded." Rev., § 2891. The cross-demand is more comprehensive than either the set-off or counter claim. A set-off is only pleadable in an action on contract and must itself arise on contract. A counter claim must arise out of the action or be connected therewith. A cross-demand, however, arises upon any independent cause of action, whether on contract or tort, and is pleadable whether the plaintiff's action be founded on contract or on tort. But a cross-demand, unlike a counter claim, must exist in favor of "all

the defendants, if there be more than one," and against "all the plaintiffs, if there be more than one." This is the plain reading of the statute; so that where there are several defendants, a cross-demand in favor of one only cannot be pleaded.

It was held by this court in *Branch of St. Bk. at Iowa City* v. *Morris, supra*, that, under section 3238 of the Revision, the defendant, in an attachment suit, may, by way of counter-claim or cross-demand, recover in the principal action for damages sustained by reason of the wrongful suing out of the writ, and when the bond is joint and several, both as to the obligors and obligees, one of several obligees may set up such damages as a *counter claim* against one of the several obligors. This decision rests upon the express provisions of section 3238, and not upon the section defining the cross-demand. In the case last cited, the bond being joint and several, the court was of opinion that, in view of the power given to the court to render judgment in such cases, by section 3123 of the Revision, one of the defendants could set up his claim for damages *as a counter claim* (and perhaps as a set-off), but expressed doubts whether it could be as a cross-demand.

In the case under consideration, the cause of action set up by James Galligher is not a set-off, because it does not arise on contract. It is not a counter claim because it is in no respect connected with the subject of the plaintiff's action, but an independent cause of action against the plaintiff, and is, therefore, a cross-demand. As such alone can it be pleaded, and as such should it exist in favor of all the defendants to make it pleadable against the plaintiff in this action.

Appellee's counsel insist that these separate causes of action may be set up by the husband under section 2775 of the Revision, which is as follows: "In an action brought by a man and his wife for an injury done to his

wife, in which she is necessarily joined as a co-plaintiff, it shall be lawful for the husband to join thereto claims in his own right."

This position is sufficiently answered by the fact that this section is expressly repealed by section 35 of chapter 167 of the laws of the thirteenth General Assembly.

The demurrer should have been sustained.

Reversed.