## PANCOAST v. BURNELL.

Husband and wife: PARTIES. A married woman may, under section 11, chapter 167, laws of thirteenth General Assembly, maintain an action to recover damages for the publication of a libel against her, without joining her husband.

*Appeal from Washington District Court.*

THURSDAY, OCTOBER 5.

THE plaintiff claims of defendant damages for the alleged publication of a libel. The defendant for answer alleges that, "at and before the commencement of said action, said plaintiff was and now is married to one William M. Pancoast, a resident, as he is informed and believes, of the city of San Francisco, of the State of California, who was then and is now her lawful husband and still living. Wherefore, because the said William E. Pancoast is not made a party plaintiff, he prays judgment, and that the said cause may be dismissed." The defendant thereupon moved the court to require plaintiff to give security for the costs of the action, and supported the motion by the following affidavit: "I, H. A. Burnell, on my oath, do depose and say, that I am defendant in above-entitled cause; that I have a good defense to the whole of plaintiff's action, and that plaintiff, as I am informed and verily believe, is a non-resident of the State of Iowa." The plaintiff filed the affidavits of Reuben and Rebecca Proudfit, as follows:

"We, the undersigned, on our oaths, depose and say, that we are acquainted with plaintiff, Maggie Pancoast, and that we know her to be a resident of the State of Iowa." The plaintiff, also, filed her own affidavit as follows: " I, Maggie Pancoast, plaintiff in this case, being duly sworn according to law, on my oath, depose and say: That I am a resident of Washington county, Iowa, where I have resided for more than six months last past, with the intention of making this county my home; and that I have no other residence than this county, and I am not a non-resident of the State of Iowa, as stated by the defendant, H. A. Burnell, in his affidavit for a rule on me for security for costs."

The plaintiff thereupon filed a demurrer to the defendant's answer, as follows: The fact of the plaintiff being a married woman, and her husband residing in California, is no defense, either in abatement or bar of this action." The court overruled the motion to rule plaintiff to secure costs, and sustained the demurrer. Defendant appeals, and assigns for error these respective rulings.

*Bennett & Wheeler* and *Patterson & Rheinhart* for the appellant.

*S. A. Russell* and *McJunkin & Henderson* for the appellee.

DAY, Ch. J. — I. It will be seen that the affidavit of H. A. Burnell alleges the non-residence of plaintiff, and those of Reuben and Rebecca Proudfit and of plaintiff deny it. It is urged by appellant that the wife can have no domicile or place of residence other than that of her husband. These affidavits, however, do not show the place of residence of plaintiff's husband, nor even that she has a husband. They do not state the facts upon which the plaintiff's non-residence is asserted or denied. Under the facts of the

case as presented it is quite apparent that the court did not err in overruling the motion to rule plaintiff to secure costs.

II. The question as to the sufficiency of the facts alleged in the answer, to defeat the plaintiff's right to maintain the action in her own name, is more important. At common law it is conceded that this action could not be maintained by a feme covert without uniting her husband with her as plaintiff. The unreasonable and somewhat barbarous rule of the common law, which declared that the husband and wife constitute but one person, and that that person is the husband, has gradually yielded to an advancing spirit of civilization and a more enlightened system of jurisprudence, until most of the restraints upon her acquisition and control of property have been removed by positive legislative enactment. The last legislative provision upon the subject is section 11, chapter 167, laws of the thirteenth General Assembly, which provides that: "A married woman may, in all cases, sue and be sued without joining her husband with her, except in cases where the cause of action exists in favor of or against both." Appellee claims that this section confers upon the plaintiff the right to maintain this action, while appellant insists that this section should be limited in its application to causes of action arising upon contracts. We should be careful, in dealing with the great changes which the science of government has evolved, that we do not, by a too illiberal spirit and by a too blind adherence to the dead things of the past, place a drag-chain upon the wheel of progress, and prevent wise and just legislation from effecting the good which it was designed to accomplish. We discover nothing in the language of the section nor in the prior legislation of the State which should lead us to place upon this section a more narrow construction than the ordinary reading of its words imports. The language of the section is very general. A married woman may *in all cases*

*sue*, except where the cause of action exists in favor of both. So that it seems to us that the right to maintain this suit is clearly conferred upon the plaintiff, unless the alleged libel constitutes a cause of action existing in favor of both husband and wife. This question received consideration in the case of the *C. B. & Q. R. R. Co.* v. *Dunn*, 52 Ill. 260, in which it was held that the right of action accruing by reason of personal injuries received by a married woman, from the negligence of a railroad company, is the separate property of the wife, and that she may sue alone to recover damages for the injury received. The reasoning of Mr. Chief Justice BREESE, who delivered the opinion of the court in the above case, fully sustains the right of the plaintiff to sue in this action, and this construction we believe to be in harmony with the provisions of the section quoted. See also *Musselman* v. *Galligher*, *ante*, 383.

In our opinion the court did not err in sustaining the demurrer to defendant's answer.

, Affirmed.