## MEWHIRTER v. HATTEN.

1. **Husband and Wife:** RIGHT OF ACTION: CONSEQUENTIAL INJURY. While the wife alone can recover for a direct injury to herself, yet the husband has a right of action for the consequential injuries to himself resulting therefrom.

2. ———: WIFE'S SERVICES. The "wages of the wife's personal labor" (Code, § 2211), for which she can maintain an action in her own name, are her earnings while in the employ of another than her husband or while engaged in an independent occupation of her own. Her husband is entitled to her labor and assistance in the discharge of the duties and obligations growing out of the marital relation.

3. ———: ———. The husband may maintain an action against a physician for malpractice in the treatment of his wife, whereby he has been deprived of her labor and assistance.

*Appeal from Cass Circuit Court.*

WEDNESDAY, DECEMBER 29.

THE plaintiff brings this action against the defendant, a physician and surgeon, for malpractice in the treatment of Hannah Mewhirter, plaintiff's wife, during her confinement giving birth to a child, whereby it is alleged she has sustained serious injuries and been permanently disabled in body.

The petition among other things states that the plaintiff has been compelled to pay out and expend large sums of money in caring for and doctoring his wife and has been, and will during her natural life, owing to the injuries caused by the negligence of the defendant, deprived of the physical

labor and assistance of his said wife to the great damage of the plaintiff, etc.

. The defendant filed a motion to strike out of the petition the statement that plaintiff had been, and would, during the life of his wife, be deprived of her labor and assistance, as being immaterial. The court sustained the motion, and the plaintiff standing upon his pleading, the court rendered judgment for defendant for costs. Plaintiff appeals.

*Montgomery & Scott*, for appellant.

The husband may maintain an action for consequential injuries to himself growing out of an injury to the wife. (*Musselman v. Galligher*, 32 Iowa, 383.) It is against public policy to permit actions between husband and wife for payment for the performance of domestic duties. (*Diver v. Diver*, 56 Penn., 109; *Longendyke v. Longendyke*, 44 Barb., 366; *Perkins v. Perkins*, 62 Id., 531.)

*C. E. Richards* and *Brown & Churchill*, for appellee.

An injury inflicted upon the person of the wife, depriving her of the power and ability to perform that personal labor of which by statute she is made the sole owner, gives to her and her alone, the right of action for the loss sustained. (*Musselman v. Galligher*, 32 Iowa, 383; *Pancoast v. Burnell*, Id., 394; *Stephens v. Kula*, 36 Id., 563; *C., B. & Q. R. Co. v. Dunn*, 52 Ill., 260.)

MILLER, CH. J.—The question presented for decision is, whether a married man is entitled to the personal labor and assistance of his wife to any extent whatever, so as to be entitled to maintain an action against one who, by injuries committed upon her, deprives him of such labor and assistance.

By the common law the husband was entitled to the labor and earnings of the wife and to all property and money acquired as the fruits of such labor or earnings. *Duncan v. Rosselle et al.*, 15 Iowa, 501; *Laing v. Cunningham*, 17 Id.,

510. The common law, however, has in this respect been modified by our statutes. How far the modification extends we will proceed to inquire. The Code provides as follows:

"Section 2202. A married woman may own in her own right real and personal property acquired by descent, gift, or purchase, and manage, sell, convey, and devise the same by will, to the same extent and in the same manner that the husband can property belonging to him."

"Section 2211. A wife may receive the wages of her personal labor and maintain an action therefor in her own name and hold the same in her own right; and she may prosecute and defend all actions at law and in equity for the preservation and protection of her rights and property, as if married."

"Section 2212. Neither husband nor wife is liable for the debts or liabilities of the other incurred before marriage, and, except as herein otherwise declared, they are not liable for the separate debts of each other; nor are the wages, earnings, or property of either, nor is the rent or income of such property liable for the separate debts of the other."

"Section 2562. A married woman may in all cases sue and be sued without joining her husband with her, to the same extent as if she were unmarried, and an attachment or judgment in such action shall be enforced by or against her as if she were a single woman."

We have held under the Revision of 1860, which contained substantially the above provisions, that a married woman may maintain an action in her own name for an injury to her person or reputation; that for such injury a right of action accrues to her which is her own separate property, and that in an action for such injury her husband cannot be joined. *Musselman v. Galligher*, 32 Iowa, 383; *Pancost v. Burnell*, Id., 394. Appellee, therefore, insists that since the husband cannot be joined in an action with the wife for the recovery of her property, he has no right to sue separately for an injury to her, which it is claimed is exclusively the property of the wife, and it is claimed also that such is the effect of the holding in the cases referred to. It is also insisted by counsel for appellee that under section 2211 of the Code, above set

out, the husband is in no degree entitled to, and has no claim upon, the personal labor or assistance of the wife; that this is her own separate property, and that he cannot therefore join with her in an action therefor.

In the case of *Musselman v. Galligher, supra*, the language

**1. HUSBAND and wife: right of action: consequential injuries.** of the opinion is clear and explicit that, in the right of action which accrues to the wife for the direct injury to her, the husband has no interest, that she alone must sue thereon, but that this does not preclude the husband from maintaining an action for the consequential injuries suffered by him, nor that these are merged in the right of action which accrues to the wife. If the husband be entitled to the assistance or labor of the wife in any degree, then to deprive him of such assistance or labor by a direct injury to the wife, which renders her incapable of rendering such assistance or labor, is an injury to the husband for which he may maintain his action. This brings us to consider and determine whether or not, under section 2211 above, the husband is entitled to the labor or assistance of his wife. That section provides that the "wife may receive the wages of

**2. ——: wife's services.** her personal labor and maintain an action therefor in her own name, and hold the same in her own right." We think that the terms, "wages of her personal labor," as here used, refer to cases where the wife is employed to some extent in performing labor or services for others than her husband, or where she is carrying on some business on her own behalf; such, for instance, as dress-making, or the millinery business or school-teaching. In a word, she is entitled to the wages for her personal labor or services performed for others, but her husband is entitled to her labor and assistance in the discharge of those duties and obligations which arise out of the married relation. We feel very clear that the legislature did not intend by this section of the statute to release and discharge the wife from her common law and scriptural obligation and duty to be a "help-meet" to her husband. If such a construction were to be placed upon the statute, then the wife would have a right of action against the husband for any domestic service or assistance rendered by

her as wife.    For her assistance in the care, nurture and train-
ing of his children, she could bring her action for compensa-
tion.    She would be under no obligation to superintend or
look after any of the affairs of the household unless her husband
paid her. wages for so doing.    Certainly, such consequences
were not intended by the legislature, and we cannot so hold
in the absence of positive and explicit legislation.

In the recent case of *Grant v. Green*, 41 Iowa, 88, which was
an action by a wife against the administrator of her deceased hus-
band's estate, for services rendered in taking care of her husband
in his lifetime during a period of his insanity, it was held that
she could not recover for such services, notwithstanding she
had been employed by the guardian of her insane husband to
perform them.    It is there held that it is the right and duty of
husband and wife to protect and care for each other in case of
sickness or insanity.    These and like services arising out of
the married relation are to be rendered in conformity with
the mutual obligations which have been assumed in entering
into that relation, and are not such as have "*wages*" attached
thereto, within the meaning of the statute.    When the wife
performs labor or services for others for which wages accrue,
such wages are her own separate property, but for labor per-
formed and assistance rendered in the discharge of her domestic
duties as a wife no wages, in the proper meaning of that term,
attach or follow.    Both husband and wife have in their mar-
riage vows bound themselves to the discharge of their respec-
tive duties toward each other, for which no wages as such are
due.    These duties being mutual, their discharge by the parties
constitute the only compensation contemplated by law.

In *Peters v. Peters*, decided at the present term, it was held
that the wife could not maintain an action against her husband
for an assault and battery.    It is there said that, "whilst it
must be admitted that very radical changes have been made
in the relation of husband and wife, still it seems to us that
these changes do not yet reach to the extent of allowing either
husband or wife to sue the other for a personal injury com-
mitted during coverture."    It seems to us, also, that these
changes have not transformed the wife into a hired servant, or

established the law to be that the husband, when prostrated on a bed of sickness, will not be entitled to the tender care and watchfulness of his wife, unless he has the ability and expects to pay her wages therefor.    These duties are mutual and reciprocal and essential to the harmony of the marital relation.    To abrogate these duties, or remove the mutual obligations to perform them, would be to dissolve that relation and establish that of master and servant.

We are of opinion that the court erred in sustaining the defendant's motion to strike out, and the judgment must be

REVERSED.