## TUTTLE v. THE C., R. I. & P. R. Co.

1. **Husband and Wife:** ACTION: TORT. Under the statutes of this State the husband has no joint interest in an action for a tort committed against the wife, and cannot be joined therein.

2. ———: ———: LOSS OF TIME. In such an action the wife cannot recover for loss of time caused by the injury, unless she is engaged in the prosecution of a separate, independent business, which thereby suffers detriment.

3. ———: ———: MEDICAL ATTENDANCE. Nor can she recover for money expended in procuring medical attendance and other expenses growing out of her injury, the husband alone having the right of action therefor.

*Appeal from Polk District Court.*

FRIDAY, MARCH 24.

PLAINTIFF, who is a married woman, brought this action to recover for personal injuries sustained through the negligence of defendant's servants, while she was a passenger in one of its cars. There was a verdict and judgment for plaintiff. Defendant appeals.

*Wright, Gatch & Wright,* for appellant.

The husband is liable for the torts of the wife. (*McElfresh v. Kirkendall,* 36 Iowa, 224; *Luse v. Oaks,* Id., 562.) The husband is a necessary party with the wife in an action for the slander of the wife. (*Enders v. Beck,* 18 Iowa, 86; *Rogers v. Smith,* 17 Ind., 323.) At common law both husband and wife must join in an action for injury to her person. (*McKinney v. Western Stage Co.,* 4 Iowa, 420.) The case last cited also holds that the common law rule is not changed by the Revision of 1860. The wife does not owe one service to the husband and another to herself, for inability to perform the latter of which she can recover in a separate action. (*Tiler v. N. Y. Cen. R. Co.,* 49 N. Y., 47.) When the facts are not disputed or conclusively proved, then the question involved in the case becomes one of law. (*Artz v. C., R. I. & P. R. Co.,* 34

Iowa, 155.) It is not true that *every* accident will warrant the inference of negligence; nor, on the other hand, that no accident will do this. (S. & R. on Neg., § 13.) The plaintiff must establish negligence affirmatively. (2 Redf. on Railways, 202.) As to the rule of inferential negligence, see *Heagle v. I., B. & W. R. Co., Chicago Legal News*, Oct. 1875, p. 5.

*Phillips, Goode & Phillips*, for appellee.

A married woman may in all cases sue without joining her husband, except where the cause of action exists in favor of both. (Chap. 126, Laws of 1870.) Liabilities mean a responsibility growing out of a tort as well as of a contract. (*Pancoast v. Burnell*, 32 Iowa, 394.) Our statutes respecting the right of action and property of the wife have completely changed the common law rule. (*Myers v. McDonald*, 27 Iowa, 400; *Richmond v. Tibbles*, 26 Id., 476.) The practice of directing a *nonsuit* or verdict upon motion is not favored. (*Bevans v. U. S.*, 13 Wall., 62; *Way v. The I. C. R. Co.*, 35 Iowa, 585; *Greenleaf v. D. & S. C. R. Co.*, 33 Id., 56.) The plaintiff is not bound to raise by his proof more than a reasonable presumption of negligence. (*Greenleaf v. I. C. R. Co.*, 29 Iowa, 46.) If the accident would not have happened in the ordinary course of business, then the defendant must explain it or negligence will be inferred. (S. & R. on Neg., §§ 13, 24; *Carpue v. London R'y Co.*, 5 Q. B., 750; *Scott v. London Dock Co.*, 3 Hurst. & Colt., 601; *Byrne v. Boodle*, 2 Id., 726.)

Beck, J.—I. The questions presented in the case, to which we shall devote attention, involve the rights of husband and wife in an action for personal injuries sustained by the latter, and the consideration of the effect of certain statutes pertaining thereto.

We understand counsel for defendant to insist that, in an action of this character, the wife cannot sue alone but must 1. HUSBAND and wife: action: tort. join with her husband. The position is based upon Sec. 11, Chap. 167, Acts Thirteenth General Assembly, which is in these words: "A married woman may, in all cases, sue and be sued without joining her husband with.

her, except in cases where the cause of action exists in favor of or against both." It is insisted that under this provision a wife cannot sue alone in that class of cases wherein, when a defendant, she must be joined with her husband, that is, if in an action for tort the husband is jointly liable with her and must be made a co-defendant with her, he must be joined as a plaintiff in actions of tort for injuries to her person. We confess to our inability to see the force of the argument in support of this position. The statute in question was not intended either to enlarge or restrict the rights or liabilities of the husband; its sole purpose is to enlarge the rights of the wife—to give her the right to maintain an action in her own name when the cause of action exists alone in her own right —to provide, if the husband have no interest therein, that he need not be joined as a defendant. Now, as we have said, it does not affect the liability of the husband, in cases where he is held for the wife's torts or contracts. The court has held that the husband is liable with the wife for torts committed by her. *McElfresh v. Kirkendall*, 36 Iowa, 224; *Luse v. Oaks*, Id., 562. But it by no means follows on account of this liability that the husband must join with the wife in an action for a tort to her person. The law which fixes his liability in the one case does not create a right in him to be joined as plaintiff in the other. We think this conclusion demands no further consideration for its support. We have held (*Pancoast v. Burnell*, 32 Iowa, 394; *Musselman v. Galligher*, Id., 383), that under our statutes the husband has no joint interest in an action for a tort against the wife, and cannot be joined therein. These decisions are not in conflict with our rulings in the other cases just cited for the reasons stated.

II. The petition in this case claims to recover damages accruing to plaintiff by reason of lost time and money paid to physicians for services on account of the injuries complained of. In reply to the count setting up this claim for damages, defendant alleged plaintiff's coverture, and for that reason she could not recover as claimed. A demurrer to this part of the answer was sustained. The court admitted evidence at the trial in support of this claim

2. ——: ——:
loss of time.

for damages, against defendant's objections, and in the instructions directed the jury she could recover thereon. Instructions to the effect that she could not recover thereupon, asked by defendant, were refused. The evidence showed that plaintiff was engaged in the ordinary duties of wives and mothers of families, and had prosecuted no other business than that of housekeeper for her husband and his family. We will first inquire whether she can recover damages for loss of her time, as a wife and housekeeper for her husband.

We have recently ruled that the husband is entitled to the personal services of the wife, and may recover for the loss thereof caused by the wrongful act of another. *Mewhirter v. Hatten, infra.* The duty of the wife to render personal services to the husband, and that she is entitled to no claim against him or his estate therefor, is recognized in *Grant v. Green,* 41 Iowa, 88. These rulings are in harmony with the common law, which, so far as this right of the husband and duty of the wife are concerned, has not been modified by statute, so far as to relieve the wife of obligation to discharge domestic duties and to forbid the husband claiming it. If she be engaged in trade or in an employment for wages, she may recover her earnings. Code, § 2211.

The plaintiff in the case before us was engaged in no other than domestic services as the maternal head of her husband's family. Whatever time she lost or would lose would have been devoted to this employment, and the loss was her husband's, for which she had no right to recover. Addison on Torts, p. 922. If we admit her right to recover, defendant would be twice liable, for assuredly under the rules of the law, the husband may recover for such losses as were sustained by him.

We conclude that the instructions, and other rulings of the court under consideration, in holding that plaintiff could recover for her loss of time, are erroneous.

. III. The husband is liable for medical attendance and other expenses incurred on account of sickness of, or injuries

3. ——: ——: sustained by, the wife. Whatever constructions
medical attendance. favorable to the "emancipation of the wife" have

been put upon the legislation of this State affecting her rights and privileges, it has never been claimed that the husband has been "emancipated" from the obligation to support the wife, and provide all things necessary for her comfort and happiness, in view of their situation in life. The husband in the case before us undoubtedly could recover from the defendant for expenses incurred by him on account of medical attendance and other proper care for the comfort and recovery of his wife. If plaintiff be permitted to recover therefor in this action, defendant would be held twice liable. The rulings of the court, therefore, whereby defendant was held liable for damages in this action on account of expenses incurred and paid by the husband, are erroneous.

Other questions presented by the record and discussed by counsel need not be considered, as the judgment, for the errors above pointed out, must be

REVERSED.