## NEUMEISTER v. THE CITY OF DUBUQUE.

1. **Husband and Wife**: RECOVERY BY WIFE: ESTOPPEL. If the husband authorize the wife to sue for expenses incurred in providing her with medicine and medical attendance while suffering from the effects of personal injuries, and permit her to recover for the same without interposing a claim in his own behalf, he is estopped to afterward claim a recovery upon the same cause of action.

2. ———: SERVICES OF WIFE. The husband may recover for the loss of the services of the wife, in case she is not engaged in business on her own account.

3. ———: ———: EVIDENCE. Evidence showing the value of such services is admissible.

4. ———: ———: FORMER ACTION. The claim of the wife, in a former action maintained by her for the same, that she carried on a separate business, is not conclusive upon the husband in the action maintained by him.

5. ———: ———: ———. It was the province of the court to determine what issues were involved in the former action.

*Appeal from the Dubuque District Court.*

FRIDAY, DECEMBER 14.

ACTION by a husband to recover damages sustained by reason of personal injuries to his wife, incurred by a wagon in which she was riding being turned over by obstructions negligently permitted in the streets of the defendant city. There was a verdict and judgment for defendant; plaintiff appeals. The facts involved in this case, so far as they are necessary for a proper understanding of the questions passed upon by the court, fully appear in the opinion.

*Wullweber, Pollock & Shields*, for appellant.

*H. F. McNulty*, for appellee.

BECK, J.—I. The petition alleges that the wife of plaintiff was totally and permanently disabled by the accident, which is alleged to have resulted from the negligence of defendant, and claims to recover for damages sustained by plaintiff for the reason he is deprived of

1. HUSBAND and wife: recovery by wife: estoppel.

the labor and services of his wife in his business and in his domestic affairs, and for the loss of her society, and for time, loss and expenses incurred in caring for her and providing medicine and medical attendance. The answer of defendant put in issue the allegations of the petition, and, as a special defense, set up that plaintiff's wife had recovered judgment against defendant in an action prosecuted by her for expenses incurred in nursing and caring for her, while suffering from the injuries complained of, and in providing medicine and medical attendance; that the wife was the agent of plaintiff in the prosecution of the suit, and that plaintiff knew of its prosecution, and assisted his wife therein. A motion to strike this special defense was overruled by the court. We think this ruling is not erroneous. The husband may recover for medicine and medical attendance, and for expenses incurred while the wife was suffering from the effects of the injury; the wife cannot recover therefor unless she has expended her own money in payment of such expenses. *Tuttle v. C. R. I. & P. R. Co.*, 42 Iowa, 518. But if the husband authorized the wife to prosecute a suit for such expense and outlays incurred by himself, for which he had a cause of action against defendant, and aids her in the prosecution of her suit, and permits her to recover and receive from defendant without interposing a claim in his own behalf, he will be estopped afterward to claim, in an action against defendant, recovery for the same matters. Surely, if the husband should stand by and permit the defendant to pay his wife, without action, the damages claimed by her on account of such expenses, he would not be permitted afterward to set up a claim against defendant for the same outlays. The law would regard the payment to the wife, under these circumstances, as having been made with the husband's assent and authority. The same rule must apply in this case. This position, we think, cannot be doubted.

During the progress of the cause plaintiff offered to introduce testimony, which was excluded, to show the inability of his wife to perform any labor or service since she was injured. The court, in its instructions to the jury, recognized the right of the husband to recover for the

2. ——: services of wife.

loss of the service of his wife, in case she was not engaged in
business on her own account (*Mewhirter v. Hatten*, 42 Iowa,
288), and submitted to the jury questions of fact involving
this right for determination. We are at a loss to discover upon
what ground the evidence was excluded. It was clearly com-
petent under the issues and law of the case and was, therefore,
erroneously rejected.

III. The plaintiff was permitted to show that his wife had
been, since the injury, unable to perform any labor or service
3. ——: ——; in his household, but evidence offered to show the
evidence. value of these services was excluded. The ruling
is clearly erroneous. There was no denial of plaintiff's right
to recover for loss of the domestic service of his wife. Such
right would be barren, unless plaintiff was permitted to show
the value of the services of which he was deprived.

IV. The court gave the jury an instruction, applicable to
the issues and testimony, in the following language:

" 10. If you find from the evidence that plaintiff's wife
assisted him in his business by her labor and care and atten-
4. ——: ——; tion, and that she carried on no separate business,
former action. and that the proceeds of the joint labor of the
husband and wife went into one fund, and were used by the
husband as his earnings or both for the support of his family,
then he would have a right to recover for such services of his
wife; but if the jury, from the evidence, believe that the wife,
in her separate action in the Circuit Court, and for which she
recovered a judgment in the Circuit Court, claimed that she
carried on a separate business, in her own right, separate and
apart from her husband, then all claim for loss of services
connected with the butchering business are merged in her
judgment, and plaintiff cannot recover for them herein."

The instruction is clearly erroneous in that it holds if the
wife claimed in the action that she carried on a separate busi-
ness, the plaintiff could not recover in this action.

The pleading of the wife in the former action, without more,
will not conclusively bind plaintiff in this. As against herself,
in a subsequent suit, upon a plea of former adjudication, it
would be conclusive. But it is very plain, if the wife set up a

claim to recover on account of the disability caused by the injury, whereby she was unable to labor in her own separate business, and that claim was defeated upon an issue denying her separate employment, the husband could recover for loss of her services in this action. To hold otherwise would have the effect to make her unauthorized claim defeat the lawful claim of the husband. This cannot be admitted. The mere claim in the wife's petition to recover for the value of her services has not the effect given it by the court below in this instruction. Indeed, had she recovered upon that claim it would not bar plaintiff's right, unless it should be shown that he authorized her to prosecute the action or aided in its prosecution. It may be admitted, too, that a judgment upon the claim adverse to the wife, if the action was prosecuted by the authority and with the assistance of plaintiff, would defeat him in this action. The instruction is clearly erroneous.

V. In another instruction the jury were directed to determine, from the record of the action brought by the wife, what issues were involved therein. These issues should have been determined by the court, whose peculiar province it was to interpret the pleadings and inform the jury of their effect. The instruction is, therefore, erroneous.

Other questions in the case discussed by counsel need not be considered here, as the judgment, for the errors pointed out, must be

REVERSED.