## HONEY v. CHICAGO, B. & Q. RY. CO.

(Circuit Court, S. D. Iowa, W. D.  December 5, 1893.)

1. CONTRIBUTORY NEGLIGENCE—INJURY TO WIFE—HUSBAND'S RIGHT OF ACTION.
   Contributory negligence in a wife does not defeat her husband's right of action for medical expenses, loss of society, and of aid in household affairs, in a state where she had been relieved of all common-law disabilities and he of all responsibility for her torts.

2. SAME—IMPUTED NEGLIGENCE.
   To render the contributory negligence of a wife, regarded as the agent or servant of her husband, imputable to him, the circumstances must be such that he would be liable for her negligent act if it had resulted in injury to a third person.

3. SAME.
   Where a wife is struck by a train while crossing the tracks to the depot, whither her husband has preceded her for the purpose of purchasing tickets, her contributory negligence is not imputable to him, either on the theory that she was his agent or servant, or that he was bound to care for and protect her.

At Law.  Action to recover damages resulting to plaintiff from personal injuries caused to wife of plaintiff.  Motion for new trial.  Denied.

Harl & McCabe and J. M. Junkin, for plaintiff.

Smith McPherson and Wright & Baldwin, for defendant.

SHIRAS, District Judge.  Upon the trial of this case before the jury the facts developed in the evidence were as follows:  In the year 1891 the plaintiff, W. O. B. Honey, and his wife, Ellen F., resided on a farm in the vicinity of the town of Red Oak, Iowa, which is a station upon the line of railway owned and operated by the Chicago, Burlington & Quincy Railway Company.  On the 15th day of August in that year the plaintiff and wife went to Red Oak for the purpose of taking a train upon the defendant's railway.  In order to secure tickets, the plaintiff preceded his wife to the depot.  To reach the depot it was necessary to cross several tracks which lay between the station building and the town of Red Oak, and the railway company had built a board walk several feet in width across the intervening tracks for the use of passengers passing to and from the depot.  As Mrs. Honey approached the depot, a train of cars came in upon a track which crossed the walk upon which she was, and thus cut off, for the moment, her direct access to the depot.  For the purpose of reaching the depot by passing around the western end of the intervening train, Mrs. Honey left the board walk, and after taking a few steps in a westerly direction she was struck by a switch engine crossing from the east, and was badly injured.  For the injuries thus caused to her person Mrs. Honey brought suit against the railway company, and for the damages in the nature of surgical expenses, and for the loss of the society of his wife and of her aid in taking care of the household the husband, W. O. B. Honey, brought a separate action against the company.  For trial purposes the court ordered that the two

cases should be consolidated and tried before the same jury. In both cases the defendant pleaded that the negligence of Mrs. Honey contributed to the accident. Upon the trial the jury was instructed in each case that there could be no recovery unless it appeared from the evidence that the company had been guilty of negligence of such a character as to be a proximate cause of the accident; and, further, that if Mrs. Honey, by negligence on her part, had contributed to the accident, she could not recover, but that negligence on her part would not defeat the action on behalf of her husband. Under these instructions the jury found for the defendant in the suit brought by Mrs. Honey, and for the plaintiff in the suit, brought by Mr. Honey. Thus by these verdicts the jury found that the railway company and Mrs. Honey had alike been guilty of negligence. The motion for new trial presents the question whether the court erred in holding, as was done in the instructions to the jury, that the right of action on behalf of the husband based upon the negligence of the railway company and resulting in pecuniary loss and damages to him, could not be defeated by showing that the negligence of the wife contributed to the accident.

It is well settled that if one negligently inflicts injuries upon the person of the wife of another, two causes of action are thereby created,—one in favor of the wife for the bodily injuries received, including the pain and suffering endured; and one in favor of the husband for the surgical and other expenses incurred by him in having his wife properly cared for, and for the deprivation of the society of the wife, and the loss of her assistance in taking care of his household. By section 2562 of the Code of Iowa it is enacted that "a married woman, may in all cases sue and be sued, without joining her husband with her, to the same extent as if she were unmarried." And in Musselman v. Galligher, 32 Iowa, 383, the supreme court of Iowa held that an injury to the person of the wife gave rise to a cause of action in her behalf, which was her separate property; and that the husband could not, under the statute, be rightfully joined with her as coplaintiff, but that she must sue in her own name for the damages caused her; and that for any consequential damages caused the husband he could sue in his own name and right for the recovery thereof. It is also clear that the right of recovery on part of the wife, being her separate property, cannot be released and discharged by the husband; nor can the wife release or discharge the right of action accruing to the husband. Mewhiter v. Hatton, 42 Iowa, 288; Pancoast v. Bunnell, 32 Iowa, 394; Tuttle v. Railroad Co., 42 Iowa, 518.

To constitue a right of action based upon negligence it must appear that there has been an invasion of the legal rights or injury to the person or property of the plaintiff as the proximate result of an inadvertent or nonintentional failure on part of the defendant to use the degree of care imposed by the law upon the defendant under the circumstances and relations affecting the parties when the injury happened of which the plaintiff complains. In other words, the right of action is the combination of negligence on

part of the defendant, with a resulting injury to the person, property, or legal rights of the plaintiff. It is therefore evident that under the statutes of Iowa, which have practically removed the common-law disabilities of married women, there is no legal connection or interdependence existing between the right of action accruing to a married woman for injuries caused to her person or her property through the negligence of another and the right of action accruing to the husband for the invasion of his rights caused by the same negligence. ' As already stated, the supreme court of Iowa, in construing the statute of the state, has declared the law to be that there cannot be a joinder of the husband and wife in actions of this character. The wife must sue alone upon the cause of action accruing to her, and so also must the husband. A judgment rendered in the one case cannot be availed of even as evidence, and much less as an adjudication, in the other. The plaintiff in the one case cannot release or discharge the right of action belonging to the plaintiff in the other. The payment of damages in the one case has no legal effect upon the damages to be awarded in the other. The admissions or statements of the wife, not forming part of the "res gestae," are not admissible as evidence against the plaintiff in the suit by the husband, although they are evidence against the plaintiff in the suit brought by the wife; and so also the admissions of the husband, though provable against him, are not admissible in the suit of the wife. In all particulars the right of action accruing to the wife and that accruing to the husband are separate and distinct.

Passing now to a consideration of the principle established in regard to the defense of contributory negligence, we find it settled that if injury has resulted to the plaintiff from the negligence of the defendant as a proximate cause, it is no defense to show that the negligence of a third party co-operated in causing the injury, unless the negligence of such third party is legally imputable to the plaintiff. Thus, in the leading case of Little v. Hackett, 116 U. S. 366, 6 Sup. Ct. 391, it was held that a passenger being conveyed in a public hack could recover against a railway company for injuries resulting from the combined negligence of the hack driver and the railway company. In Railway Co. v. Lapsley, 2 C. C. A. 149, 51 Fed. 174, it was held by the court of appeals for this circuit that where a person accepts the gratuitous invitation of the owner and driver of a vehicle to ride with him, and exercises no control over such driver, the latter's negligence cannot be imputed to him, so as to defeat his recovery against a third person for injuries resulting from the concurring negligence of the driver and third person. In Railway Co. v. Cummings, 106 U. S. 700, 1 Sup. Ct. 493, in which case it appeared that a locomotive engineer had been injured in a collision of trains brought about by the negligence of the company and the negligence of a fellow servant of the plaintiff, it was ruled that the plaintiff could recover against the company, even though the negligence of a fellow servant aided in causing the accident. In Nisbet v. Town of Garner, 39 N. W. 516, the

supreme court of Iowa, after a review of the previous decisions of that court, held the rule to be:

(1) "That when several parties are engaged in a common enterprise, and one is injured by the joint negligence of one of his associates and another, the negligence of his associate will be imputed to him, and will defeat all right of recovery against the other party; and (2) that when a person is injured through the common negligence of one who, from their relation, is bound to care for and protect him, and another, the negligence of the former will be imputed to him, and will defeat a recovery against the other party."

The court then proceeds to show that these rules would not justify an instruction to the effect that the driver of a private conveyance is the agent or servant of the person riding in such conveyance, and that, as a matter of law, the negligence of the driver is imputable to the others in the conveyance; and in set terms the court repudiates the rule laid down in Thoroughgood v. Bryan, 8 C. B. 114, and adopts and affirms that announced in Little v. Hackett, 116 U. S. 366, 6 Sup. Ct. 391. The general principle derivable from the adjudged cases is stated in Beach on Contributory Negligence, (129, 132, 133,) as follows:

"The rule upon this branch of our subject is that the contributory negligence of third persons, constitutes a valid defense to the plaintiff's action only when that negligence is legally imputable to the plaintiff. There must, in order to create this imputability, be some connection which the law recognizes between the plaintiff and the third person, from which the legal responsibility may arise. The negligence of the third person and its legal imputability must concur. * * * When the defendant pleads the negligence of a party other than the plaintiff in bar of the action, it must appear, not only that such third person was in fault, but that the plaintiff ought to be charged with that fault."

"We remark at the outset that, in order to create this imputability, there must be a pro tanto identification of the third person with the plaintiff, and that such an identity will be found to exist or be in dispute in two classes of cases,—the first, where the third person was guilty of the contributory negligence as the agent of the plaintiff, and the second, where the cause of action is derived from the third person."

"The rules as to the first class of cases may be expressed as follows: The contributory negligence of a third person, who is guilty thereof as the agent of the plaintiff, must be imputed to the plaintiff. An agent, in the contemplation of this rule, is a person whose negligence, as understood in the rule, would be treated as the principal's in an action for such negligence brought by a third person against the principal. Whenever the contributory negligence of the third person is of such a character, and the third person is so connected with the plaintiff that an action might be maintained against the plaintiff for damages for the consequences of such negligence, then, when the plaintiff himself brings the action, that negligence is, in contemplation of law, the plaintiff's negligence, and it is justly imputed to him."

It cannot be successfully maintained that the right of action in behalf of the husband is derived from the wife, so as to bring the case within the second class named in the foregoing citation. If Mrs. Honey had assigned the right of action accruing to her by reason of the injuries to her person, and suit had been brought in the name of such assignee, the company could have answered to such action that the negligence of Mrs. Honey had aided in causing the accident, because, in that event, the right of action declared upon had originally accrued to Mrs. Honey. The right of action on be-

half of the husband to recover the damages resulting to him never belonged to the wife. She could not assign or release the same. The husband's right of action is based upon the invasion of his rights, and recovery is sought of the consequential damages caused him. The legal injury complained of is that caused to the husband, and not that caused to the wife. The argument of counsel that the right of action in favor of the husband is derived from the wife, and that the latter is the source of his title and claim, is not well founded. The physical injury caused to the person of Mrs. Honey must not be confounded with the legal injury resulting therefrom to her husband. The pain, suffering, and lameness caused by the accident to Mrs. Honey are injuries to her, and do not create a right of action in favor of her husband. When, however, the accident to the wife resulted in depriving the husband of her society, and of her aid in conducting the affairs of his household, and he was put to expense in securing proper surgical care for his wife, then his legal rights were invaded, and for the damages consequent therefrom a right of action accrued to him, which was wholly separate and distinct from that accruing to the wife. The negligence of the wife cannot, therefore, be availed of as a defense to the husband's action on the ground that he stands in the position of an assignee or representative of a right of action accruing to the wife, or upon the theory that his right of action is derived through her. The husband's right of action legally and logically is based upon the negligence of the defendant, resulting in an invasion of his legal rights, and not upon any right of action accruing to or derived from the wife.

Can it be said, in any proper sense, that the wife, with relation to the accident, occupied the position of agent for her husband? In going to the depot, in order that she might take passage upon the train, she was not acting for her husband in any proper sense. She was not undertaking to do anything in furtherance of any business belonging to the husband, nor was she exercising any rights, powers, or authority derived from him. She was acting in her own right, for a purpose personal to herself. The legal relation of principal and agent did not exist between the husband and wife with respect to the matter of her going to the depot for the purpose of taking passage upon defendant's train. As is pointed out in Little v. Hackett, supra, to constitute the relation of principal and agent in such sense that the negligence of the latter can be imputed to the former, the relation must be such that responsibility to third parties would attach to the principal for injuries resulting from the negligence of the agent; or, to apply the rule to this case, the relation must be such that W. O. B. Honey would be liable to third parties for injuries caused them by the negligence of Ellen Honey. The point now under consideration can be more clearly apprehended if we assume for the moment that the relation of husband and wife did not exist between the parties named, but that in fact Ellen F. Honey was in the employ of W. O. B. Honey, so that, in a general sense, the relation of principal and

agent or master and servant existed between them. To render the principal or master liable to third parties for the consequence of the negligence of the agent or servant, it must appear that the negligent act is one that is incident to the employment, or is done in the furtherance of the business of the principal or master, or in pursuance of his directions or authority, express or implied. If the act in which the negligence inheres is one aside from the business of the principal or master, and not within the scope of the employment, then it is but a personal act of the doer thereof, for which he alone is legally responsible.

Thus, if Ellen F. Honey had been employed by W. O. B. Honey as a housekeeper, with full charge over his household affairs, she would have occupied the relation of agent or servant to him in all that pertained to that employment. If, however, while this relation existed, she undertook, for her own pleasure, to go to Villisca, for the purpose of attending a social gathering, she would not, while pursuing that journey, be acting within the scope of her employment, nor be engaged in furthering the business of her employer, and hence responsibility for her acts of negligence would not attach to W. O. B. Honey. If the facts of this case be viewed solely in the light of the legal relation of master and servant or principal and agent, it is clear that the negligence of Ellen F. Honey cannot be imputed to W. O. B. Honey, unless it appears that when the accident happened, and in what she was then doing, Ellen F. Honey was acting within the scope of her employment, or in furtherance of the business of W. O. B. Honey; or, in other words, that she was in fact acting for him; and this the evidence wholly fails to show. To enable the defendant company to impute the negligence of Mrs. Honey to W. O. B. Honey, so as to defeat his right of action for the damages caused him by the negligent act of the company, it must be true that the marital relation existing between the parties gives the right to the company to thus interpose the defense of the negligence of the wife as a bar to the action of the husband. The rules of law governing the relation of master and servant or principal and agent certainly do not confer this right upon the defendant under the facts of this case. The action of W. O. B. Honey for the damages caused him cannot be defeated on the ground that Mrs. Honey was his agent or his servant, and as such was negligent.

Can it be defeated on the ground that she was his wife? In considering this aspect of the case it must be always remembered that the legal fiction of the common law, that a husband and wife are one, and that one is the husband, has been wholly abrogated in Iowa by the legislation of the state. Upon this subject the supreme court of Iowa in Spofford v. Warren, 47 Iowa, 47, uses the following language:

"Under the statutes of this state the wife is clothed with the same property rights and charged with the same liabilities as the husband. Indeed, it cannot be said that, as to her property, she is deprived of any rights which the husband enjoys that relate to his, or that any remedy is denied her, or any liability removed from her which are possessed by or imposed upon the hus-

band. She can control her own property, vindicate her individual rights, and bind herself by contract, as fully and to the same extent as her husband. * * * These provisions, it must be admitted, completely emancipate the wife from all the bonds recognized by the common law, saving those of affection and moral obligation."

Touching liability for the acts of a wife, it is declared by section 2205 of the Code of Iowa that:

"For all civil injuries committed by a married woman, damages may be recovered from her alone, and her husband shall not be responsible therefor, except in cases where he would be jointly responsible with her, if the marriage did not exist."

This section abrogates the common-law liability of the husband for the acts of the wife, and there is no longer any legal liability on part of the husband to third parties for the consequences of her negligent acts, simply on the ground that she is his wife. To hold the husband responsible for the consequences of her negligence, it must appear that he would be responsible if he was not her husband. In the present case, is there any ground for holding W. O. B. Honey responsible for the consequences of the negligence of Ellen F. Honey, except upon the theory that he is her husband? The statute declares that the relation of husband and wife shall not render the husband responsible for the civil injuries committed by the wife; and, of necessity, some other ground must be sought upon which to found the liability of the husband, if in fact it exists.

The theory of the defense of contributory negligence is that, admitting that the negligence of the defendant was a proximate cause of the injury complained of, nevertheless it was contributed to by the negligence of the plaintiff, or of some third party, for whose conduct, in connection with the injury, the plaintiff is legally responsible. It is the responsibility of the plaintiff for the contributory negligence that makes it available as a defense to his action, and to charge the plaintiff with the responsibility of the negligence of a third party it must appear that the relation between such third party and the plaintiff is such that the defendant or others can hold the plaintiff legally liable for the consequences of the negligent conduct of such third party. In the case now under consideration, suppose the facts had been that the company was not in fault, but that Mrs. Honey had negligently gotten in front of the engine when going to the depot, and that the engine had been derailed and injured, and the persons in charge thereof had likewise suffered personal injuries, could the company or the injured persons recover damages from W. O. B. Honey, on the ground that the accident was due to the negligence of Mrs. Honey? The statute of Iowa relieves the husband from all liability for civil injuries committed by the wife, except in case where he would be liable if the marital relation did not exist. Therefore, in the supposed case, recovery could not be had against W. O. B. Honey simply because he was the husband of the person whose negligence caused the injury.

To hold him responsible, it would be necessary to show that he had personally caused the accident through negligence, or that his agent or servant had been guilty of negligence under such circum-

stances that he was legally liable therefor. The evidence shows that W. O. B. Honey had no personal connection with the accident, and therefore did not aid in bringing it about, and the evidence also fails to show that Mrs. Honey was acting as his agent or servant when going to the depot for the purpose of taking passage on defendant's train. There being, therefore, no ground for holding W. O. B. Honey responsible, for the consequences of the accident, to third parties, by reason of Mrs. Honey being his wife, his agent, or his servant, and as he did not personally aid in causing the accident, why should the defendant company be permitted to defeat the plaintiff's right of action for damages caused him by the negligence of the company upon the theory that the negligence of a third party contributed to the accident, when it cannot be shown that the plaintiff is in any way legally responsible for the actions of the third party?

In some instances, as is held in Nisbet v. Town of Garner, supra, negligence may be imputed when it is caused by one who is bound to care for or protect another,—that is to say, the negligence of a parent may be imputed to a child, or the negligence of a guardian to the ward, or the negligence of a husband to the wife; but even in such cases the tendency of the modern decisions is to restrict the application of the principle, and in some cases to wholly repudiate it. This doctrine is not applicable to the case now under consideration. It is not claimed or pleaded that the husband was in any respect guilty of negligence. He stands wholly free from fault, both with respect to himself and with respect to his wife. The aim of the company is to hold him responsible, not for any failure of duty on his part, but for the negligent conduct of his wife. The negligence complained of has no relation to the duties or obligations created by the marital connection existing between Mr. and Mrs. Honey.

The contention of the company is that Mrs. Honey was negligent, because she did not keep a proper lookout for moving trains or engines when she was on or near the railway track. The duty to exercise watchfulness, under these circumstances, did not grow out of or have any legal connection with the marital relation existing between Mrs. Honey and her husband. When she went to the depot she went in her own right, for her own convenience, and not in the performance of any marital duty she owed her husband. In fact, in going to the depot Mrs. Honey was not acting in the relation of agent, servant, or wife to Mr. Honey. By the verdict of the jury it is settled that the negligence of the defendant company was a proximate cause of the accident which deprived Mr. Honey of the society and aid of his wife, and subjected him to the burden of paying the expenses caused by her illness. It cannot be questioned that a cause of action was thus created in favor of Mr. Honey and against the railway company. As a defense thereto the defendant pleads and shows that Mrs. Honey, by negligence on her part, aided in causing the accident, and claims that Mr. Honey is legally responsible for the consequences of the negligence of his wife, and that by reason of such responsibility her negligence defeats his right of action for the injuries caused him by the negligence of the company. The Code of Iowa (section

2205) expressly declares that a husband is not responsible for the civil injuries committed by his wife, simply by reason of the marital relation existing between them; and, as the evidence wholly failed to show that Mr. Honey was, for any other reason responsible for the accident, or for the conduct of his wife in connection therewith, I can see no legal ground for holding that the negligence of Mrs. Honey is a defense to the action on behalf of Mr. Honey.

The motion for new trial is therefore overruled.