HICKMAN v. NASSAU ELECTRIC R. CO.

(Supreme Court, Appellate Division, Second Department.    June 20, 1899.)

1. APPEAL—REVIEW—QUESTIONS CONSIDERED.
   In an action by a husband for the loss of his wife's services through injuries received by her, the husband cannot for the first time on appeal raise the question that the joint negligence of the wife and defendant cannot defeat his rights.

2. STREET RAILROADS—CROSSING ACCIDENTS—CONTRIBUTORY NEGLIGENCE.
   The question whether a person run over by a street car at a crossing was guilty of contributory negligence is for the jury, where it appears that, before stepping into the road, she looked in both directions for approaching cars, and then walked fast towards the other side of the street, and stepped on the track on which she was struck, without again looking.

Appeal from trial term.

Action by Thomas Hickman against the Nassau Electric Railroad Company. From a judgment for plaintiff and from an order denying a new trial, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Stephen C. Baldwin, for appellant.

Thomas F. Magner and John F. Carew, for respondent.

WOODWARD, J.    This court, in the case of Hickman v. Railroad Co., 36 App. Div. 376, 56 N. Y. Supp. 751, held that the plaintiff had failed to establish that absence of contributory negligence necessary to permit her to recover for injuries sustained by reason of the alleged negligence of the defendant, and reversed a judgment in her favor. The husband of the plaintiff in that action is the plaintiff in the present action, and he seeks to recover for the loss of the services of his wife, due to the same accident. The complaint alleges the negligence of the defendant, and the absence of contributory negligence on the part of plaintiff's wife, and the case was submitted to the jury upon this theory. It is now too late, therefore, for the plaintiff to urge, upon the authority of Honey v. Railway Co., 59 Fed. 423, that the judgment may be sustained upon the proposition that the joint negligence of the wife and of the defendant could not operate to defeat the rights of the plaintiff. No such contention was made either in the complaint or upon the trial of the action; no suggestion of this character was made in the charge of the court

to the jury; nor was the court asked to make such a charge. We conclude, therefore, that the judgment must be sustained, if at all, upon the evidence as to the negligence of the defendant, and the absence of negligence contributing to the accident on the part of plaintiff's wife. The defendant placed no witnesses upon the stand, and there was evidence to support a finding of negligence on the part of the defendant. There is a material difference in the evidence of Johanna Hickman upon this trial and the evidence which was presented in her behalf when she appeared as plaintiff. In the previous trial it was in evidence that this woman, wearing a sun bonnet, stepped down into the roadway, after looking in both directions without discovering a car, and walked slowly and deliberately into a position of danger, without any apparent heed of what was going on about her. On the present trial, while the surrounding circumstances are not materially changed, she testifies that, after looking in both directions from the curb, she stepped into the roadway, and walked fast in her effort to cross the street. The opinion in the former case was based largely upon the fact that the evidence indicated that the plaintiff, after looking in either direction, walked so slowly that it was reasonable to expect that a car might have come into a dangerous position between the time that she looked and the time that she reached the tracks of the defendant, and that she had no right to rely upon the motorman having the car under that control essential to her safety, since it was reasonable for him to expect that, traveling slowly, she would stop in time to permit the car to pass. If she was, in fact, walking rapidly; if she looked, and saw no car approaching before she left the curb,—it cannot be said, as a matter of law, that she was guilty of contributory negligence in attempting to cross the street, or in failing to exercise the highest possible degree of care. She was required to exercise only that reasonable degree of care which an ordinarily prudent person, under the same circumstances, should or would have exercised. Under the evidence as it was presented in the case at bar, we are of opinion that the learned trial court was not in error in submitting the case to the jury, and that there is evidence sufficient to sustain the judgment.

While we see no reason to change our views as expressed in the case of Hickman v. Railroad Co., supra, we do not think the reasoning in that case is controlling in the present, from the fact that the evidence shows a state of facts from which the jury may properly conclude that the plaintiff's wife, in attempting to walk rapidly over the tracks of the defendant's railroad, after looking in both directions before leaving the curb, was not guilty of negligence contributing to the accident. In the former case the evidence was such that there was properly no question for the jury to determine, it appearing that the plaintiff walked slowly and deliberately into a position of danger, without giving any intimation of an intention to do so until it was too late for the motorman to act effectively in protecting her. As was there said:

"She was walking slowly; she could stop anywhere within two or three feet of the car, and allow it to pass in safety; and, unless there was something in

her conduct to indicate an intention of crossing, regardless of the approach of the car, the motorman was not bound to assume that she would recklessly or heedlessly walk into danger."

If she had been walking rapidly, or at an ordinary gait, it would have been some evidence of an intention to cross the tracks ahead of the car, enough perhaps to have imposed the duty upon the motorman of having his car under control. The evidence as it is now before this court, and which is not disputed, shows that the plaintiff's wife was walking fast; and it was proper for the jury to determine, from all the facts before them, whether she was acting with that reasonable degree of care which the circumstances of the case demanded,—whether, having looked for a car before leaving the curb, sufficient time elapsed between the moment of looking and the moment of reaching the point of danger to impose upon her the duty of making further inspection before attempting to cross the tracks of the defendant.

The judgment and order appealed from should be affirmed, with costs. All concur.