## Van Doran v. Marden.

1. **Husband and Wife: EXECUTION.** The husband is the head of the family within the meaning of the statute exempting from execution certain property with which he habitually earns his living. Such property belonging to the wife before her marriage, and used for the family support, is not exempt from execution levied under a judgment against her.

*Appeal from Greene Circuit Court.*

WEDNESDAY, APRIL 17.

ACTION at law. The case was submitted to the court without a jury, and judgment rendered for defendant.

Plaintiff appeals.

*McDuffie & Howard,* for appellant.

*Harvey Potter,* for appellee.

BECK, J.—I. This was an agreed case and was submitted to the court below in order to obtain an adjudication to determine whether a team of horses seized by defendant, as constable, to satisfy an execution issued upon a judgment against plaintiff, is exempt from levy under the statute. The facts, briefly stated, are as follows:

The plaintiff was the widow of one Morelan, who owned the horses in controversy. They were set apart to the plaintiff and were exempt from execution in the hands of her husband. She was the mother of three children by Morelan. Subsequently she married her present husband, and her children have lived with her and her husband, supported by their joint personal labor. The horses are used by her husband for the support of the family, composed of himself, wife and her children. After her marriage to her present husband, a judgment was recovered against plaintiff,

Van Doran v. Marden.

and the horses were seized upon an execution issued thereon. She claims that they are exempt from seizure, and this action is brought to recover their possession.

Plaintiff bases her right to hold the horses exempt from execution upon Code, § 3072, which provides that a debtor, who is the "head of a family," may hold, free from levy, the team with which "he habitually earns his living." She insists that she is the head of the family, and, therefore, within this provision. The sole question which we are called upon to determine is this: Is the plaintiff "the head of a family" within the meaning of this statute?

<div style="margin-left:2em; font-size:smaller">1. HUSBAND and wife: execution.</div>

It is not claimed that the wife is generally to be regarded as the head of a family, but that in this case, where she is the owner of property, which, if held by the husband, would be exempt from execution, she is within the provisions of the statute, and is to be regarded as the "head of the family." Whether the plaintiff is to be so regarded is a question of law, and not of fact. The term "head of the family" is used in reference to the relation existing between the members of the family as recognized by law and the usage of society. There may be a head of the family when there is no marriage relation existing. *Whalen v. Cadman*, 11 Iowa, 226. When, however, marriage relation does exist, the headship of the family cannot depend upon circumstances of property held by the parties. If this were so, the question involving the headship of the family would be one of fact, and never of law. That it is a question of law, when the husband is resting under no disability, we think cannot be doubted. One reason, and only one for this conclusion, need be given. It is this: The universal sentiment of the people is and has been for ages that the husband is the head of the family. The term was used by the Legislature in the statute in question in its universally accepted signification. The reason which we have given for holding this to be a question of law solves the very question of the case, and leads to the conclusion that the husband is the head of the family. Support to this conclu-

sion is found in the following decisions : *Whalen v. Cadman,* 11 Iowa, 227 ; *Lawrence v. Sinnamon,* 24 Iowa, 80.

II. We know of no legislation which changes the relations of husband and wife, so as to give the headship of the family, in any case, to the wife. He is still bound for her support and entitled to her earnings when she is not engaged in business on her own account. *Mewhirter v. Hatten,* 42 Iowa, 288 ; *Tuttle v. C. R. I. & P. R. Co.,* 42 Iowa, 518 ; *Grant v. Green,* 41 Iowa, 88.

Code, § 2202, clothes a woman with the same right and authority touching her own property as is possessed by the husband over property owned by him. But this provision bestows rights ; it does not create exemptions, which only exist under explicit provisions. We discover nothing in this section in conflict with the conclusion we have above announced.

A consideration, which we may mention here, gives strength to our view of the case. If, when the wife holds property, she is the head of the family, the husband must be deposed of his headship, or the family will have two heads. The first position cannot be admitted. The second is contrary to reason, for in that case the property of each "head" would be exempt, and thus there would be a double exemption, which is surely not contemplated by the statute.

III. It is argued that as the wife, before her marriage, held the property exempt from levy, a change in her condition could not change her rights. This conclusion is a *non sequitur.* The change of condition may change her rights, if the exemption may be so called. She had the right to hold the property free from levy because she was the head of a family ; she voluntarily surrendered that headship and with it her rights. It would not be claimed that a husband, whose family consisted of himself and wife, would continue to hold property exempt from execution after he procured a divorce and was restored to all the rights of a single person. This case is not different from the one before us.

We conclude that the judgment of the Circuit Court, holding the property subject to execution issued on a judgment against the wife, is correct.

AFFIRMED.