Gilbert, Hedge & Co. v. Glenny.

---

GILBERT, HEDGE & CO. v. GLENNY *et al.*

| 75 | 513 |
|----|-----|
| 76 | 380 |
| 75 | 513 |
| 95 | 29 |
| 75 | 513 |
| 103 | 549 |
| 75 | 513 |
| 129 | 171 |
| 75 | 513 |
| f134 | 372 |
| 75 | 513 |
| 143 | 359 |

1. **Fraudulent Conveyance:** HUSBAND AND WIFE: BURDEN OF PROOF. One who attacks a wife's title to real estate on the ground that it was bought with her husband's money and is held in fraud of creditors has the burden to prove the fraud ; and this cannot be done by mere inference, based on the presumption that her testimony is untruthful.

2. **Husband and Wife :** TITLE TO WIFE'S EARNINGS. The keeping of boarders by a married woman is such a business, independent of her duties as a wife, as entitles her to hold the proceeds of such business as her own. ( See Code, sec. 2211, and *Mewhirter v. Hatten*, 42 Iowa, 288 ).

3. ———— : HUSBAND USING WIFE'S MONEY : NOTICE BY RECORD. Section 2499 of the Revision, providing that, when a wife allows her husband to use her personal property she must place notice of her ownership on record in order to avoid surrendering her interest to her husband's creditors, has no reference to creditors who became such after the repeal of the statute by the enactment of the Code of 1873. ( See *Jones v. Brandt*, 59 Iowa, 332 ).

*Appeal from Monroe District Court.*—HON. DELL STUART, Judge.

FILED, OCTOBER 16, 1888.

ACTION in equity to subject certain real estate, the title to which is in the defendant Mary Glenny, to the payment of a judgment against the defendant William H. Glenny, on the alleged ground that the property was conveyed to Mary Glenny in fraud of the creditors of William H. Glenny, who is her husband. There was a decree in the court below dismissing the petition, and the plaintiffs appeal.

*T. B. Perry*, for appellants.

*W. A. Nichol*, for appellees.

ROTHROCK, J.—The property in question consists of a dwelling-house and lot, which was purchased by the

1. FRAUDULENT conveyance: husband and wife: burden of proof.

defendants in March, 1886, and the title was taken, and is now held, by Mary Glenny. The burden of proof was on the plaintiffs to show that she was not the real owner, but that the consideration for the property moved from her husband. The court below was of the opinion that the plaintiffs failed to make the necessary proof, and a careful examination of the evidence has led us to the same conclusion. It appears from the evidence that the wife kept boarders during the absence of her husband, in the war of the Rebellion ; and that, after hostilities ceased, the husband was kept in the service, in the medical department, at Vicksburg, Miss., and that the wife joined him at that place, and kept a boarding-house there. She accumulated some money in this business, which seems to have been a separate employment, independent of her duties as a wife. She loaned this money to her husband, and he afterwards repaid it, by furnishing the money with which the property was purchased. We have given attention to the argument of counsel as to the improbability of the account given of these transactions by the defendants as witnesses. As the plaintiffs attack the title, the burden is upon them to show that it is fraudulent; and this

Gilbert, Hedge & Co. v. Glenny.

cannot be done by mere inference, based upon the assumption that the defendants' testimony is untruthful.

It is claimed that the keeping of boarders by the wife was not such a business, independent of her duties as a wife, as authorized her to hold the proceeds of her employment as her own. We think otherwise. We have held that a wife who followed the business of a washerwoman on her own account, and from which she received compensation from her employers, and controlled and expended her earnings, was engaged in an independent employment, and had the right to her earnings, under section 2211 of the Code. See *Mewhirter v. Hatten*, 42 Iowa, 288.

2. HUSBAND and wife: title to wife's earnings.

It is urged that the money earned by the wife passed to the husband, because it was loaned by her to him prior to the taking effect of Code, 1873; and that under section 2499 *et seq.* of the Revision of 1860 she was bound to place notice of her ownership upon record, in order to avoid surrendering her interest to those giving credit to her husband. The debt for the payment of which the property is sought to be subjected was contracted in 1883. Section 2499 of the Revision of 1860 was repealed by the Code of 1873; and in *Jones v. Brandt*, 59 Iowa, 332, it was held that section 2499 of the Revision had no application to parties who became creditors of the husband after the repeal of that statute. That case is therefore decisive of this question. We think the decree of the district court must be

3. ——: husband using wife's money: notice by record.

AFFIRMED.