Isabelle McClintic v. John F. McClintic, Appellant.

**Husband and Wife:** EARNINGS OF 'WIFE. A single and a married brother owned adjoining farms, on one of which they lived in the same house, and farmed both places, under a partnership agreement, that the unmarried brother should furnish half of the family provisions and fuel, and that he should receive his board, washing, ironing, and mending in the family. The married brother's wife lived in the family, and had no other occupation than a housewife. After her husband's death she brought an action against the surviving brother to recover for the services performed in furnishing such board, washing, ironing, and mending. *Held*, that the services of the wife belonged to the husband, and she could not recover.

RECOVERY BY WIFE: *Elements of the action.* In an action by a widow to recover of her deceased husband's unmarried brother for board furnished him while he lived in her husband's family, on a farm, which the brothers worked together, under an agreement that the unmarried brother should receive his board and should furnish one-half of the family provisions and fuel, during which time the wife had no other occupation than that of a housewife in the family, she must allege and prove an express agreement by the defendant to pay her therefor, to which her husband consented.

**Requesting Instruction:** WHEN NO WAIVER OF DEFECTS IN PLEADING OR ADMISSION OF TESTIMONY. In an action by a widow to recover of her deceased husband's brother for board and washing furnished such boarder while he lived in her husband's family, defendant asked an instruction that plaintiff, to recover, must show that there was a special contract between defendant and plaintiff to pay for such board and washing. *Held*, that the asking of such instruction, done for the purpose of meeting prior rulings in taking testimony, did not preclude defendant, on appeal, from raising the question that plaintiff's petition failed to allege such contract, or that the court erred in admitting testimony offered to prove the same.

**Evidence:** PERSONAL TRANSACTION WITH DECEDENT. Under Code, section 4604, providing that no party shall be examined as a

witness in regard to transactions or communications had personally with a deceased person, in an action against the heir at law, next of kin, or assignee of such deceased person, it is competent, in an action by a widow to recover of her deceased husband's unmarried brother for board furnished such brother while he lived in her husband's family on a farm which the brothers worked together, for the defendant to testify on what terms he lived with his brother.

Admissibility of testimony. In an action by a widow to recover of her deceased husband's unmarried brother for board and washing furnished such brother while he lived in her husband's family, the defendant should have been permitted to introduced evidence that he furnished half the family provisions and fuel under an agreement with her husband, as such evidence would go to the value of the board.

*Appeal from Jefferson District Court.*—Hon. M. A. Roberts, Judge.

WEDNESDAY, MAY 23, 1900.

The plaintiff's petition, as originally filed, is as follows: "Your petitioner, Isabelle McClintic, claims of the defendant, John F. McClintic, the sum of forty-seven hundred dollars, as justly due her on account, a copy of which is hereto attached and made a part of this petition. Said account has been running continuously, and is due and unpaid, and entitled to no credits or offsets, and is her property. Also as damages as follows: To trespass upon her in her homestead, abuse and ill treatment, and alienating the affections of her husband, and causing him to turn against her, and abuse and ill treat her and the children, causing their separation, $2,000. She asks judgment on said claims for the sum of $4,700, with costs of suit."

Copy of account attached to petition:

"John F. McClintic to Isabelle McClintic, Dr.

To board continuously, week by week, since April 1, 1878, 900 weeks, at $2.00 per week ...................  .............$1,800 00

To washing, ironing, mending, and other personal
services, continuously, week by week, since April
1, 1878, 900 weeks, at $1.00 per week......    900  00
To damages for injury to her in alienating and turn-
ing her husband against her and personal abuse  2,000  00

    Total ...................... ........$4,700  00
    "December 15, 1896.
    "[Signed]                      , Isabelle McClintic."

Amendments were made as to the claim for trespass and
for alienating the affections of her husband, but none as to
boarding, washing, ironing, mending, and other services. The
jury found for the plaintiff on her claim for boarding, wash-
ing, ironing, and mending only, and as the questions pre-
sented arise solely upon these claims the others require no
further notice.

To the claims for boarding, washing, ironing, mending,
and other personal services, the defendant answered, in sub-
stance, as follows: He denies that the plaintiff furnished
him any boarding, and denies that he is indebted to her for
washing, ironing, mending or other personal services.
He alleges that from April 1, 1878, to December 15,
1896, the plaintiff was the wife of defendant's brother
Alex. W. McClintic; that she resided with him on his
farm, doing the housework for her husband; that she had
no other or separate business; was not engaged in keeping
boarders, or in doing washing, ironing, and mending; that
defendant was, and still is unmarried; that he owned a farm
adjoining that of his brother, and that about February 1,
1878, he and his brother entered into an agreement to engage
in farming, raising, buying, and selling stock and grain, and
to use both of said farms for such purposes, as equal partners,
and defendant to live in the family of his brother, and to
have his boarding, washing, ironing, and mending done in
the family, in consideration that defendant should furnish
one-half of all the family provisions and fuel; that said part-

nership continued until dissolved by the death of said
brother, about June 15, 1897. He alleges that he has fully
paid and satisfied his brother for all such boarding, wash-
ing, ironing, and mending. The jury found in favor of the
plaintiff in the sum of two thousand dollars for boarding,
washing, ironing, and mending. Judgment was rendered on
the verdict. Defendant appeals.—*Reversed.*

*Raney & Simmons, I. D. Jones,* and *Rollin J. Wilson*
for appellant.

*Legget & McKemey* and *McCoid & Tomlinson* for
appellee.

GIVEN, J.—I. There is no dispute but that the de-
fendant made his home with his brother and the plaintiff
during the years mentioned, and that he received the board-
ing, washing, ironing, and mending charged for; the work
being done by the plaintiff, aided to some extent by
her children as they grew to a helpful age. There
is no question but that during those years the plain-
tiff's sole occupation was that of a housewife in taking care
of the home of her husband and family. She had no other
or separate occupation, and was not engaged in keeping
boarders, or in washing, ironing, and mending, as a separate
occupation, nor did she furnish the supplies for the table at
which the defendant boarded. The law is undisputed that
the husband is entitled to the services and earnings of his
wife when she is not engaged in business on her own account.
*Va Doren v. Marden,* 48 Iowa, 186; *Lyle v. Gray,*
47 Iowa, 153. Primarily, plaintiff's husband was
entitled to this compensation, and it is only upon
an agreement between plaintiff and the defendant, assented
to by her husband, that she is entitled to recover this compen-
sation.

The court, in taking the evidence and in submitting the
case to the jury, proceeded upon the theory that if there was

an agreement, express or implied, that the defendant should pay the plaintiff, she is entitled to recover, and of this the defendant complains.    There is no allegation of any agreement, express or implied, as to this claim in the petition; it is a claim on account only.

Plaintiff cites cases to the effect that items due on contract may be recovered in an action on account without alleging the contract, but that the rule will not apply if the recovery can only be had upon contract. The petition upon its face was sufficient if it were not for the facts alleged in the answer and appearing on the trial as to the circumstances in which the boarding, etc., were furnished.    Therefore a motion for more specific statement would not lie against the petition.

The compensation being primarily due to the husband, the law will not imply an agreement to pay the wife, as would be the case between the defendant and the husband. Therefore the wife can only recover upon an express contract to pay her.    A furnishes boarding and services to B. without an express contract.    The law implies an agreement on the part of B. to pay to A., but does not imply an agreement to pay to C. As we view it, the plaintiff is only entitled to recover this compensation on proving an express agreement upon the part of the defendant to make payment to her.    Plaintiff insists that as defendant asked an instruction to the effect that the plaintiff could not recover unless the defendant made a special contract, he should not now be heard to complain that the case was tried upon the theory of an existing contract.    The instructions asked were adapted to the prior rulings of the court in taking testimony, and were not such as to preclude the defendant from making the questions he now does against the rulings on evidence and in the instructions given.    As the plaintiff can only recover upon alleging and showing an express agreement that this compensation was to be paid to her, and as no such allegation was made, we think the court erred in submitting the question of contract to the jury.    See *Koehler v. Wilson*, 40 Iowa, 183; *Clark v. Reiniger*, 66 Iowa, 507.

II.   The defendant was called as a witness in his own behalf, and, having testified that he lived in his brother's family, was asked, "On what terms did you live there?" To this the plaintiff objected as "immaterial, irrelevant, and because, under Code, section 4604, the witness is disqualified," which objection was sustained. The purpose of this inquiry was to show the co-partnership agreement as alleged in the defendant's answer. Said section 4604 is as follows: "No party to any action or proceeding, nor any person interested in the event thereof, nor any person from, through, or under whom any such party or interested person derives any interest or title by assignment or otherwise, and no husband or wife of any such party or person shall be examined as a witness in regard to any personal transaction or communication between such witness and a person at the commencement of such examination deceased, insane, or lunatic, against the executor, administrator, heir at law, next of kin, assignee, legatee, devisee, or survivor of such deceased person or the assignee or guardian of such insane person or lunatic." Plaintiff fails to point out wherein this section is applicable to this case. The offered testimony was not in an action nor against either of the classes of persons contemplated in said section. It is by the plaintiff in her own personal right against the defendant upon his individual liability. As said in argument: "The rights of neither depend on their legal relationship to Alexander W. McClintic." Plaintiff's contention is "that if the defendant agreed to pay the plaintiff it is immaterial whether he had a contract with her husband to pay him for the same services." Let this be conceded, yet, the contention being whether defendant had agreed to pay the plaintiff, evidence that he had agreed to pay her husband was certainly admissible upon this question. The argument assumes that defendant had agreed to pay the plaintiff, but, that being in issue, the offered evidence has a material bearing on that issue. It was for the jury to say whether there was an agree-

ment of co-partnership as alleged in the answer, and whether with such an agreement the defendant would also have agreed to pay the plaintiff. The value of what is claimed was also in issue. Therefore, if the defendant furnished half, or any part, of the provisions and fuel used in the family, he should have been permitted to show that fact; for, even if he was obligated to pay the plaintiff, he should not pay her as much as if he had not furnished anything in the way of fuel and provisions. The offered evidence as to the settlement between the deceased and his brother should have been admitted as having a like bearing upon the issue as to whether defendant had agreed to pay the plaintiff. As for the reasons stated the judgment against defendant is reversed, and as the other errors assigned and argued are not likely to arise upon a new trial, they need not be considered.—REVERSED.