JENNIE LINDSEY v. EDMUND LINDSEY, Appellant.

**Earnings of Wife:** SEPARATE BUSINESS: *Settlement.* A married woman, authorized by Code, sections 3162, 3164, to contract for her own service, and to receive the wages of her own personal labor, and sue therefor, lived on defendant's farm, in company with her husband, who was employed as manager thereof, and defendant had some conversation with the husband about boarding employes, but was told to arrange with the wife, and the latter was told by defendant that he would pay her if she boarded the men. *Held*, that a settlement with defendant, in which no express reference was made to plaintiff's service in boarding such men, would not preclude her recovery therefor, on the ground that she was not engaged in a separate occupation, and that the husband was entitled to her services.

*Appeal from Woodbury District Court.*—HON. WM. HUTCHINSON, Judge.

SATURDAY, APRIL 12, 1902.

ACTION by a married woman to recover for services rendered in cooking for and boarding employes of the defendant at his request. Defendant claims that the services were rendered by plaintiff as the wife of one J. P. Lindsey, who was in his employ, and that they were fully paid for in a setlement with said J. P. Lindsey. Verdict for plaintiff, and from a judgment thereon defendant appeals.— *Affirmed.*

*Zink & Roseberry* for appellant.

*E. P. Farr* for appellee.

MCCLAIN, J.—There was evidence tending to show that when plaintiff's husband commenced to live with his family on defendant's farm, under employment as manager thereof, defendant had some conversation with plaintiff and her husband with reference to the boarding of laborers who might be employed from time to time about the farm; that plaintiff's husband told defendant that the latter should arrange with plaintiff about the matter; and that defendant had conversations with plaintiff, in which he told her it was impracticable to determine beforehand how many men there would be, but that if she would furnish them board as occasion required he would see that she was paid therefor. Under this arrangement plaintiff continued for some seven years to render services of this character. When these relations between plaintiff and her husband and the defendant terminated, a settlement was had between defendant and the husband, in which no express reference was made to plaintiff's services, and after this settlement was fully carried out plaintiff claimed that more than $1,000 was due to her for her work

and labor under the implied contract with her. The jury found a verdict for plaintiff for $525.

The theory of appellant's counsel is that plaintiff was not engaged in a separate occupation, and that her husband was entitled to her services, and therefore that the settlement with the husband covered all the services rendered by him and his wife. This would, no doubt, be true under the holding of this court in *Lyle v. Gray,* 47 Iowa, 153, had the appellant dealt directly and exclusively with the husband of plaintiff, for in that case it was decided that under such circumstances there was no implied employment of the wife under which she could recover compensation for board furnished to her husband's employer. To the same effect, see *Miller v. Dickinson County,* 68 Iowa, 102; *Hamill v. Henry,* 69 Iowa, 752. But we think the facts of this case render it clearly distinguishable. It appears to have been plainly understood that compensation was to be made to some one for boarding appellant's employes, and that the husband of plaintiff suggested a contract between appellant and plaintiff with reference thereto. If such an arrangement was made, we know of no principle of law now recognized in this state which would render it invalid. A married woman has a right to contract for her own services (Code, section 3164), and may receive the wages of her personal labor and maintain action therefor in her own name (Code, section 3162). In order to enable the wife to recover wages for her personal services performed for others it is not necessary that she be engaged in any separate business. *Mewhirter v. Hatten,* 42 Iowa, 288. In *Carse v. Reticker,* 95 Iowa, 25, it was held that the earnings of the wife under her separate contract, made with the acquiescence of the husband, were exempt from his debts, notwithstanding the general rule that the husband is entitled to his wife's services so long as they involve only the duties incident to the marital relation. The cases cited by counsel for appellant with reference to the right of the husband to maintain an action for injuries to the wife

which impair her capacity to perform services are not in point here, and need not be cited. It may well be conceded that if the wife is not engaged in a separate occupation or employment her incapacity to render services is an injury to the husband alone, but the cases do not hold that the wife cannot, with the approval of the husband, make a valid contract for rendering services, unless she is engaged in a separate occupation.—AFFIRMED.