Fannie Hutcheis v. Cedar Rapids & Marion City Railway Co., Appellant.

**Evidence:** RES GESTAE. The declaration of one injured, as to the cause of the injury, when made without opportunity for premeditation, is admissible as part of the *res gestae* in an action for the injury.

**Street railways:** NEGLIGENCE: CARE: INSTRUCTIONS. An instruction that a street railway company is required to use "extraordinary" care for the protection of its passengers amounts to a requirement that it shall use the highest degree of care consistent with the conduct of its business, and is not inconsistent with another instruction to the effect that if plaintiff, with reasonable care on her part, was injured as a result of defendant's failure to exercise such care, she could recover.

**Contributory negligence:** BURDEN OF PROOF: INSTRUCTION. The burden is upon the plaintiff, in a personal injury action, to show freedom from contributory negligence, and where the court's instruction construed as a whole correctly states the rule, a single paragraph which standing alone might possibly be construed as shifting the burden, will not be held misleading.

**Damages:** LOSS OF WIFE'S SERVICES: INSTRUCTION. While a husband's right of recovery for the loss of his wife's services resulting from a personal injury, may properly be estimated on the present worth of the service, yet a general instruction permitting recovery for future damage will be upheld ·in the absence of a request for a specific charge as to present worth.

**Same.** The loss of a wife's services is not to be estimated on a basis of her future commercial earnings, but the husband can recover, for her personal injury, such .damage as he has suffered by a loss of ·her present and future service, assistance, companionship and society.

*Appeal from Superior Court of Cedar Rapids.* — Hon. James H. Rothrock, Judge.

Wednesday, June 7, 1905.

Action to recover damages for personal injuries alleged to have resulted from falling or being thrown to the pavement in attempting to alight from a street car operated by the defendant company.    Verdict and judgment for plaintiff for $2,000.    Defendant appeals. — *Affirmed.*

*Chas. A. Clark & Son* and *Wm. G. Clark,* for appellant.

*Rickel, Crocker & Tourtellot,* for appellee.

McClain, J. — Between 9:30 and 10 o'clock p. m., plaintiff, together with her daughter and son-in-law, was a passenger on one of the open or summer cars of defendant, running from the eastern part of the city of Cedar Rapids along First avenue westward, across the bridge over the Cedar river to the western part of the city.    The cars of this kind were provided with a step on each side, extending the full length of the car, by means of which the passengers entered and left the seats, which extended crosswise the full width of the car.    For the purpose of enabling the car to cross the bridge occupied by double tracks of the defendant company, the step on the side of the car from which passengers should properly leave the car was so constructed that while crossing the bridge it could be folded up against the side of the car, so as not to strike the trestlework.    These cars are also provided with a bar or hand rail that is let down on the side of the car next to the trestlework of the bridge, so as to prevent passengers leaning out and coming in contact with it. This bar is let down to about the middle of the car while it is crossing the bridge, and is immediately raised after the bridge is crossed.    When the car on which plaintiff was riding reached the west end of the bridge, the bar

was raised by the employés, and the car was stopped at the first street crossing west; and plaintiff, who was sitting on the right hand side of the car, attempted to alight, but fell to the pavement, as it is alleged, because the step, which had been folded up while the car was crossing the bridge, had not yet been let down so that it could be used by plaintiff in alighting. There was evidence tending to show the state of facts here described, and there is no question as to the sufficiency of the evidence to establish the negligence of the defendant in not having the step in proper position to enable the passengers to alight with safety, nor as to the evidence showing freedom from contributory negligence on the part of plaintiff. The verdict of the jury is conclusive as to defendant's liability, unless it may be for errors of law claimed by appellant to have been committed by the court.

I. Plaintiff's witnesses were allowed, over defendant's objection, to testify that after plaintiff fell, she exclaimed, " Yes; let the step down after I fall! " this declaration being relevant to similar evidence tending to show that

1. EVIDENCE: res gestae.

the step was let down after plaintiff fell, and not, as it should have been, at the time when the bar was raised after the car left the bridge, and before it stopped at the street crossing. The objection to the admission of proof of this declaration is that it could not be shown as a part of the res gestæ. Under recent decisions of this court, proof of the declaration was admissible. It was made immediately after the accident, with reference to the cause of the fall, without opportunity for premeditation. Without elaboration, it is sufficient to refer to *Rothrock v. Cedar Rapids* (Iowa), 103 N. W. 475; *Alsever v. Minneapolis & St. L. R. Co.,* 115 Iowa, 338; *Keyes v. Cedar Falls,* 107 Iowa, 510.

II. The court instructed the jury that: " The defendant is what is known as a common carrier of passengers, and it is defendant's duty, by itself and its employés, to use extraordinary care and precaution to protect its passengers

from injury.    Therefore, in determining whether the de-
fendant, by its employés, was guilty of neg-
ligence which caused the accident to the plain-
tiff, you should hold it to the exercise of
extraordinary care and caution to prevent injury to her.    But
in determining whether the plaintiff was guilty of negli-
gence which contributed to the accident, you should hold
her only to the exercise of ordinary care and caution."
In the next instruction the court told the jury that: "If
you find from a preponderance of the evidence that the plain-
tiff was a passenger on one of defendant's cars, and that she
attempted to alight therefrom, but that by reason of the negli-
gence of defendant's employés, or one of them, the step along
the side of the car had not been let down so that she could
step upon the same, and that, by reason of said step not
being so let down, she fell to the pavement and was injured,"
and that she was not guilty of contributory negligence, then
their verdict should be for the plaintiff; otherwise for the
defendant.

It is now contended for appellant that, while the last
instruction quoted was correct, the first was erroneous, in
requiring of defendant's employés extraordinary care and
caution, and that the two instructions are inconsistent.
Counsel do not claim that the carrier of passengers is not
bound to exercise a very high degree of care and foresight
for the safety of the passengers, but they contend that, after
all, the care and caution thus required is only reasonable
care under the circumstances, and therefore, that it was erro-
neous to instruct as to extraordinary care.    It is true that
the courts now generally discourage the classification of negli-
gence into slight, ordinary, and gross, and the corresponding
recognition of degrees of care.

"The expression 'extraordinary care,' in the view of
some courts, means no more than that the carrier should
use reasonable care, and that this reasonable care is a rela-
tive term, having reference to the duties which the carrier

has undertaken, and to the risks incident to the business."
3 Thompson, Negligence, section 2746. But we are not
referred to any authority in this state or elsewhere in which
it has been held error to instruct the jury that the carrier
of passengers is bound to use extraordinary care and caution
for the safety of the passenger, and we think that the ex-
pression in the instruction given is no more than equivalent
to the rule well recognized in this State, and, indeed, uni-
versally in the American courts, that the carrier should use
the highest degree of care that is reasonably consistent with
the practical conduct of the business. *Pershing v. Chicago,
B. & Q. R. Co.,* 71 Iowa, 561; *Bonce v. Dubuque Street R.
Co.,* 53 Iowa, 278; *Root v. Des Moines City R. Co.,* 113
Iowa, 675, 3 Thompson, Negligence, section 2722 *et seq.*
There is no inconsistency between the two instructions, for
the first one defines what will constitute negligence of a car-
rier of passengers, and the second states that if, by reason
of such negligence, the plaintiff is injured, she is entitled to
recover.

III. An instruction as to contributory negligence is
complained of because the jury were directed that if they
found that plaintiff failed to use ordinary care, and that her

**3. CONTRIBU-
TORY NEGLI-
GENCE: burden
of proof;
instruction.** failure to do in any degree contributed to her
injury, their verdict should be for the defend-
ant. The argument is that this language
throws the burden of proving contributory negligence upon
the defendant. But in the same instruction the jury were
expressly told that as to the issue of plaintiff's contributory
negligence, the burden of proof was upon her to establish by
a preponderance of the evidence that she was in the exer-
cise of ordinary care and caution, and not guilty of negli-
gence which contributed to her injuries. Taking the whole
instruction together, the jury could not have been misled as
to the burden with reference to contributory negligence, and
could not have failed to understand that, unless plaintiff

established by a preponderance of evidence her freedom from negligence, she was not entitled to recover.

IV.   Plaintiff alleged and proved an assignment to her from her husband, prior to the institution·of the action, of his right to recover for injuries suffered by him by being

4. DAMAGES: loss of wife's services; instruction.

deprived of his wife's services, and for expenses incurred or to be incurred for medical and surgical attendance, nursing, care, etc.   But it is urged that the court erred in its instructions to the jury as to the measure of plaintiff's recovery under this assignment. The jury were instructed to allow on this ground " such reasonable sum as you may find from the evidence to be the reasonable value of such services as he will lose in the future because of his wife's injuries."   The objections argued to this and similar instructions seem to be (1), that the jury were not limited to the present value of the future services; (2), that the jury were not limited to the real value, but were allowed to take into account the peculiar value to the husband of the wife's services, without allegation of any special damage; and (3), that the future earning capacity of the wife was not referred to as proper to be considered in mitigation of such damages.

While it is true that in a proper case, present worth, rather than the aggregate amount of future damage, should be estimated, we have repeatedly approved of general instructions allowing the recovery of damages to be suffered in the future, without specific instructions as to present worth, where no such instruction has been asked; and we have said that " in such cases the best that can be done is to direct the jury as to the general basis on which the right to recover is founded, and allow them to fix such sum as, in their judgment, is reasonable."   *Gregory v. Wabash R. Co.,* 126 Iowa, 230.   And see *Lowe v. Chicago, St. P. M. & O. R. Co.,* 89 Iowa, 420; *Spaulding v. Chicago, K. C. & St. P. R. Co.,* 98 Iowa, 205, 219.

If it is the contention of counsel that the husband's

right of recovery is limited to the expense of hiring a domestic servant to do the household work which the wife was in the habit of doing before the injury, then we have to say that no such rule has been recognized in this State. In giving damages to the husband for injuries to his wife, the law does not compute his recovery on a commercial basis, but gives him such compensation as, in the judgment of the jury, is a money equivalent for the loss of such services, assistance, companionship, and society as he has been deprived of by the injury. *Denver Consolidated Tramway Co. v. Riley,* 14 Colo. App. 132 (59 Pac. 476); *Denver & Rio Grande R. Co. v. Gunning* (Colo. Sup.) 80 Pac. 727; Cooley, Torts (2d Ed.), 266.

5. SAME.

We cannot see what bearing the question as to the future possible money earnings of the wife could have on the right of the husband's recovery for injuries to the wife, which right was assigned to the plaintiff. If she should be able in the future to earn money in an independent business, such earnings would not belong to the husband, and would be no offset to the damages which the husband might have recovered, or which the wife may recover under the assignment from the husband. *Mewhirter v. Hatten,* 42 Iowa, 888; *Fleming v. Shenandoah,* 67 Iowa, 505; *Hall v. Town of Manson,* 90 Iowa, 593. The wife, under the assignment, is entitled to recover only the value of the services of which the husband has been deprived, or may be deprived of in the future, by reason of the injury complained of; but there is no reason to think that, under the instructions and the evidence, the jury allowed any sum of damages beyond that which the plaintiff was entitled to recover on this ground.

Finding no error in the record, the judgment of the lower court is *affirmed.*