Wm. Booth, Appellee, v. M. R. Backus et al., Appellants.

EXEMPTIONS: Property and Rights Exempt—Personal Earnings of
1  Wife.  The personal earnings of the wife of the head of a fam-
   ily, earned by the wife in an independent employment, are
   not exempt from execution or attachment levy.   (Sec. 4011,
   Code, 1897.)

HUSBAND AND WIFE: Wife's Separate Estate—Personal Earn-
2  ings—Ownership—Exemption.  Personal earnings of a wife in
   her own independent employment *belong* solely to the wife.
   So held where the husband claimed that the wife's earnings
   were exempt, on the theory that such earnings *belonged* to him.
   (See Secs. 3162, 3164, Code, 1897.)

COSTS: Taxation—Futile Garnishment.  Costs attending a futile
3  garnishment should be taxed to the execution, or attaching,
   plaintiff.   (Sec. 3853, Code, 1897.)

COSTS: Taxation—Garnishee's Answer to Levying Officer.  The tax-
4  able costs for serving an execution include the taking of the·
   garnishee's answer by the levying officer.   (Secs. 3939, 3941,
   Code, 1897.)

COSTS: Taxation—Mileage.  Double mileage may not be taxed by
5  an officer in going to one locality and serving two persons in
   the same proceeding.   The taxable mileage is to and from
   said locality, plus the mileage in going from one person to the
   other.   (Sec. 511, Par. 12, Code Supp., 1913.)

COSTS: Taxation—Notice of Garnishment.  The taxable costs for
6  serving an execution do not include the service on the execu-
   tion defendant of notice of garnishment.   (Sec. 511, Par. 2,
   Code Supp., 1913.)

*Appeal from Des Moines Municipal Court.*—Jos. E. Meyer,
Judge.

March 12, 1918.

On January 31, 1916, plaintiff recovered judgment
against defendants in justice court, on which execution was
issued out of the municipal court June 5th following, and

the Chicago & Northwestern Railroad Company and the Independent School District of Des Moines were garnished. On motion of defendant M. R. Backus, the railroad company was, on July 10, 1916, discharged, for that the amount owing by it to him was for personal service rendered within 90 days next preceding, and he the head of a family and resident of this state. The costs were taxed against the defendants. The defendants moved that the Independent School District be discharged, for that M. R. Backus is a resident of the state and head of a family; that defendant Mrs. M. R. Backus is a member of his family; and the debt of said district to her "was due me and said Mrs. M. R. Backus for her personal services within 90 days next preceding the date of garnishment." This motion was overruled. Thereupon, defendants moved that costs be retaxed, and this motion was overruled. The presiding judge certified that these rulings should be passed by this court, and the defendants appealed.—*Affirmed in part; reversed in part.*

*Brown & Winans,* for appellants.

*Edwin J. Frisk,* for appellee.

1. EXEMPTIONS:
property and
rights exempt:
personal earnings of wife.

LADD, J.—I. On the judgment entered against Mr. and Mrs. Backus, execution issued, and the Independent School District of Des Moines was served with notice of garnishment. It answered that there was due her $22. Thereupon, her husband, Mr. Backus, moved that the garnishee be discharged, for that both were residents of Iowa, he the head of a family and she a member of his family, and that the debt of the garnishee "to her * * * is due me and the said" Mrs. Backus for personal services rendered by her within the 90 days last past. This motion was overruled.

The husband undoubtedly was the head

2. HUSBAND AND
WIFE: wife's
separate es-
tate: person-
al earnings:
ownership:
exemption.

of the family. *Van Doran v. Marden,* 48 Iowa 186. And the wife was a member thereof, but he was only entitled to her labor and assistance in the discharge of the duties and obligations growing out of the marital relations. *Mewhirter v. Hatten,* 42 Iowa 288; *McClintic v. McClintic,* 111 Iowa 615. But she was not limited by the law to such activities alone. Section 3164 of the Code declares that:

"Contracts may be made by a wife and liabilities incurred, and the same enforced by or against her, to the same extent and in the same manner as if she were unmarried."

See *Spafford v. Warren,* 47 Iowa 47. Moreover:

"A wife may receive the wages for her personal labor, and maintain an action therefor in her own name, and hold the same in her own right, and may prosecute and defend all actions for the preservation and protection of her rights and property, as if unmarried." Section 3162, Code.

These statutes leave no doubt as to the wife's right to the fruits of her own independent contracts and the "wages for her personal labor" when rendered other than for her husband in pursuance of her own engagement therefor. As observed in *Mewhirter v. Hatten,* supra:

" 'Wages for her personal labor,' as here used, refer to cases where the wife is employed to some extent in performing labor or services for others than her husband, or where she is carrying on some business on her own behalf; such, for instance, as dressmaking, or the millinery business, or school teaching."

Here, she was employed by the Independent School District, and her earnings belonged to her alone, and not to the husband. *Aultman Engine & Thresher Co. v. Greenlee,* 134 Iowa 368; *Lindsey v. Lindsey,* 116 Iowa 480; *Hutcheis*

*v. Cedar Rapids & M. C. R. Co.*, 128 Iowa 279; *Ehlers v. Blumer*, 129 Iowa 168.

Notwithstanding this, counsel argue that her independent earnings were exempt, under Section 4011 of the Code, which declares that:

"The earnings of a debtor who is a resident of the state and the head of a family for his personal services, or those of his family, at any time within ninety days next preceding the levy, are exempt from liability for debt."

The earnings contemplated in this statute are those belonging to the debtor; for none other might be seized under execution against him, and therefore, there was no occasion to exempt earnings due to others. The exemption is of the earnings of the debtor: that is, of such earnings as belong to him, whether "for his personal services or those [i. e.. personal services] of his family."

He is entitled to the services of minor children in his family, but compensation therefor is exempted the better to assure their proper maintenance. But, as seen, the "wages for her personal labor" belong to the wife, and for this reason are not within the terms of this statute, not being of "the earnings of the debtor." Counsel for appellant argue that the word "those," in the expression "those of the family," has for its antecedent "earnings," instead of "personal services;" but this would not be a grammatical construction, nor in harmony with the manifest design of the statute to exempt the earnings only of a debtor who is the head of a family. To none other is the exemption extended. The "earnings" exempted from liability are only those owing to debtor, and are for the personal services not only of himself, but his family as well. His wife's earnings, when in an independent business, or on her engagement for others than her husband, are not owing to him; and therefore the application for the discharge of the garnishee was rightly denied.

II.   On the same execution, the Chicago
& Northwestern Railroad Company was gar-
nished, as supposed debtor of M. R. Backus,
and on his motion, the garnishee was dis-
charged, on a showing that the amount by it owing him
was exempt from execution; but the costs were taxed against
the defendants.   Subsequently, a motion to retax costs was
filed, and on submission, overruled.   It should have been
sustained.   The costs were made in a futile attempt to
reach the railway company's indebtedness to Backus.   Had
plaintiff succeeded, the costs must have been satisfied from
the proceeds realized by the garnishment proceedings.   But
the garnishee was discharged, and nothing obtained out of
which to satisfy the judgment.   This being so, there was
nothing out of which to satisfy the taxable fees, and we
know of no statute authorizing the taxation of these against
the judgment defendants.   The situation is analogous with
that contemplated in Section 3853 of the Code, directing
the taxation of the costs against the losing party, or, in cer-
tain cases, apportioning them.   The court erred in not re-
lieving the defendants from the taxation of these fees.

*3. Costs: taxation: futile garnishment.*

(b)   The sum of $.60 was taxed for
taking the answer made by the School Dis-
trict, as garnishee.   Such a fee was taxed
without authority.   See Sections 3939, 3940,
3941, Code, 1897.   Taking answers appears to be included
in the service of the execution.   If this item was intended
as a fee tendered to garnishee to exact attendance in court,
then it is to be said that the garnishee's answer was taken
by the sheriff, and such attendance not required.

*4. Costs: taxation: garnishee's answer to levying officer.*

(c)   Too much for mileage is said to
have been taxed; but no error in this respect
is shown.   Of course, if, in the same pro-
ceeding, two persons are served at the same locality, only
the mileage to and from such locality, with the mileage in

*5. Costs: taxation: mileage.*

going from the one person to the other, may be taxed; for there has been but one "going to and returning," as contemplated by Paragraph 12 of Section 511 of the Code.

6. COSTS: taxation: notice of garnishment.

(d)    For serving execution, $3.90 was taxed; but this included the service of the notices of garnishment, and the point is made that such service is involved in that of the execution, and ought not to be taxed. Under Section 511 of the Code, the sheriff is entitled to charge (Paragraph 2) "for serving a notice and making return thereof, for the first person served, 50 cents, and for each additional person, 25 cents;" and (Paragraph 7) "for serving an execution, attachment, or order for the delivery of personal property, injunction, or any order of court, and making return thereof, $2.00." We are of opinion that fees were rightly taxed for serving the notices of garnishment. The statute plainly entitles the sheriff to both fees. Our conclusion is that the court rightly overruled the motion to discharge the school district as garnishee, and erred in overruling the motion to retax costs, as above indicated. Each party will pay his own costs.—*Affirmed in part; reversed in part.*

PRESTON, C. J., EVANS and SALINGER, JJ., concur.