SMITH, Appellant, v. MILLER, et al (Ind. School Dist. of Hecla, Garnishee), Respondents.

(237 N. W. 829.)

(File No. 6990. Opinion filed August 3, 1931.)

*Chas. E. Brady,* of Hecla, for Appellant.
*Van Slyke & Agor,* of Aberdeen, for Respondents

WARREN, J.   Action by appellant to recover a balance due on a promissory note signed and executed jointly by the respondents, Miller and his wife, to the Farmers' and Merchants' State Bank of Hecla, S. D.   The bank failed, and Smith, as superintendent of the banks of the state of South Dakota, brought action against Miller and wife jointly.

Garnishee proceedings issued against the Independent School District of Hecla, seeking to reach the wages due from it to the defendant Grace L. Miller, in the sum of $112.50.   After the service of the garnishee papers, the school district disclosed the amount of indebtedness due to the said Grace L. Miller.   Thereafter the defendant Edw. F. Miller, the husband, served a certain schedule and claim of exemptions claiming exempt certain household goods and other personal property, and in addition thereto the following: "Wages due to my wife, Grace L. Miller, from Independent School District of Hecla, Brown County, South Dakota, a municipal corporation; which wages were earned with my consent for the purpose of contributing to the family budget and for the purpose of assisting in the support of myself and family, $112.50."

Thereafter, the matter was presented to the judge of the municipal court of the city of Aberdeen.   The said court issued its order that the defendant's claim of exemption be allowed, and that the property described in said claim was exempt, and set apart to defendant as wholly exempt, and that said property be released from the garnishment proceedings.   To the making of that order, the plaintiff appealed to this court.

There is nothing in the record to indicate that the wages which had been earned by Grace L. Miller had been assigned to the husband, but from every indication in the language used in the claim of exemptions it was the property of the wife Grace L. Miller.   However, the husband states that the wages were earned with his consent for the purpose of contributing to the family.   It

is quite apparent that the wages earned and in the hands of the school district are the separate property of the wife. It is also quite apparent that there has been no assignment of the funds from the wife to the husband, but at the time the proceedings were brought it was her independent and separate property. The statutes of our state are quite specific as to separate property rights of husband and wife. Section 170 of the 1919 Revised Code of South Dakota reads as follows: "Except as mentioned in the preceding section, neither husband nor wife has any interest in the property of the other. * * *"

Our legislature also legislated upon the rights of married women, which is to be found in section 178 of the 1919 Revised Code of South Dakota, and which section reads as follows: "The wife shall have and retain after marriage all the civil and property rights of a single woman. She may buy and sell, receive and convey or otherwise dispose of any real or personal property belonging to her or in which she may have an interest, without joining the name of her husband. * * *"

The indebtedness sued upon is a joint indebtedness by the husband and wife. The creditors seek to recover against the wife's separate property. The husband claims the property as exempt to him as the head of the family. From the language used in the claim of exemptions, it is quite apparent that the husband is the head of the family, and makes the exemption claim as such. There is no affirmative showing that the husband is unable to support his family and that the earnings of the wife are a part of the family funds. We are therefore forced to hold that the claim of exemptions made by the husband cannot include the garnisheed funds which are the separate funds or property of the wife, Holleman et al. v. Gaynor et al., 58 S. D. 574, 237 N. W. 827. The Supreme Court of Iowa, in the case of Booth v. Backus et al, 182 Iowa, 1319, 166 N. W. 695, in disposing of a similar case, said:

"On the judgment entered against Mr. and Mrs. Backus, execution issued and the Independent School District of Des Moines was served with notice of garnishment. It answered that there was due her $22. Thereupon her husband, Mr. Backus, moved that the garnishee be discharged for that both were residents of Iowa, he the head of a family, she a member of his family, and that the debt of the garnishee 'to her * * * is due me

and the said' Mrs. Backus for personal services rendered by her within the 90 days last past.

"This motion was overruled. The husband undoubtedly was the head of the family. Van Doran v. Marden, 48 Iowa, 186. And the wife was a member thereof, but he was only entitled to her labor and assistance in the discharge of the duties and obligations growing out of the marital relations. Mewhirter v. Hatten, 42 Iowa, 288, 20 Am. Rep. 618; McClintic v. McClintic, 111 Iowa, 615, 82 N. W. 1017. But she was not limited by the law to such activities alone. Section 3164 of the Code declares that:

" 'Contracts may be made by a wife and liabilities incurred, and the same enforced by or against her, to the same extent and in the same manner as if she were unmarried.' See Spafford v. Warren, 47 Iowa, 47.

"Moreover, 'A wife may receive the wages for her personal labor, and maintain an action therefor in her own name, and hold the same in her own right, and may prosecute and defend all actions for the preservation and protection of her rights and property, as if unmarried.' See section 3162, Code.

"These statutes leave no doubt as to the wife's right to the fruits of her own independent contracts and the 'wages for her personal labor' when rendered other than her husband in pursuance of her own engagement therefor. As observed in Mewhirter v. Hatten, supra:

" 'Wages of her personal labor,' as here used, refer to cases where the wife is employed to some extent in performing labor or services for others than her husband, or where she is carrying on some business on her own behalf; such, for instance, as dressmaking, or the millinery business or school-teaching.

"Here she was employed by the Independent School District, and her earnings belonged to her alone, and not to the husband. Aultman Engine & Thresher Co. v. Greenlee, 134 Iowa, 368, 111 N. W. 1007; Lindsey v. Lindsey, 116 Iowa, 480, 89 N. W. 1096; Hutcheis v. Railway, 128 Iowa 279, 103 N. W. 779; Ehlers v. Blumer, 129 Iowa, 168, 105 N. W. 406."

In interpreting the language used by the defendant Edward F. Miller, in claiming the exemptions, we find that he states, "wages due to my wife, Grace L. Miller from the Indepen-

dent School District." We are bound to define the language used in its ordinary sense. The word "due" as used by the defendant in claiming exemptions means owing and may be further defined as follows:

"The word 'due,' in its ordinary sense, means 'that which is justly owed; that which law or justice required to be paid or done.'" Griffith v. Speaks, 111 Ky. 149, 63 S. W. 465, 466.

"Debt due the bank, means 'payable to' or 'owing to.' Bates v. Bank of State, 2 Ala. 451." Words and Phrases, First Series, Vol. 3, page 2219.

With that construction placed upon the language used by the claimer of the exemptions, he tacitly admits that it is the personal property belonging to his wife and that there has been no assignment to him from his wife, and that the ownership of the wages due to Grace L. Miller are her separate property or funds, and have not reached the possession of the claimant. It is not his property or funds, nor has it commingled with or become a part of the family funds, but it is her separate and independent property.

We must, therefore, deny defendant's claim of exemptions upon the grounds hereinbefore indicated. The order appealed from is hereby reversed.

POLLEY, P. J., and ROBERTS and RUDOLPH, JJ., concur.
CAMPBELL, J., concurs in result.