JOSEPHINE REID, Appellee, v. DUDLEY A. REID, Employer, and NEW AMSTERDAM CASUALTY COMPANY, Appellants.

No. 41879.

JUNE 20, 1933.

REHEARING DENIED SEPTEMBER 29, 1933.

James E. Goodwin, for appellants.

O. M. Slaymaker and R. E. Killmar, for appellee.

ALBERT, J.—Josephine Reid, the plaintiff, and Dudley A. Reid, are husband and wife. He was at all times in controversy the sole owner of the Osceola Tribune newspaper plant and publishing business. The plaintiff had no share or interest in said newspaper and publishing business. She was an expert linotype operator and skilled in other duties in the composition of a newspaper and also in the operating of jobbing and newspaper presses in the printing shop of her husband.

On the afternoon of October 18, 1930, while assisting in operating a Huber press upon which election ballots were being printed, her arm was drawn under one of the rollers of the press and terribly mangled and crushed. An emergency operation was necessary to save her life, and her arm was amputated within a few inches of the shoulder.

Proceedings were instituted under the Workmen's Compensation Law (Code 1927, section 1361 et seq.); a hearing was had upon the petition of arbitration before the deputy industrial commissioner, he being the sole arbitrator, on March 9, 1932. He denied compensation, and, on a review by the industrial commissioner, the action of the arbitrator was affirmed. On appeal to the district court, plaintiff was awarded statutory compensation, with medical expenses, and judgment was rendered accordingly against the husband and the insurance carrier the New Amsterdam Casualty Company.

The first point urged by the appellants is that "a married woman cannot contract with her husband, a wife cannot be an employe of her husband under the Workmen's Compensation Act". This is a wholly new question in this state, and, while the one proposition in fact consists of two parts, yet they are cognate propositions.

As supporting this contention, plaintiff relies upon In re Humphrey, 227 Mass. 166, 116 N. E. 412, L. R. A. 1918F, 193. That opinion, however, is not controlling, as an investigation of the statutes of Massachusetts and decisions show that, at the time that opinion was rendered, the common-law doctrine of unity of husband and wife had not been dissolved by statute, while this state has long since abandoned that doctrine, and largely, if not wholly, freed married women from the limitations under the common-law doctrine of coverture.

Section 10461, Code 1927, provides that "a wife may receive the wages for her personal labor, and maintain an action therefor

in her own name, and hold the same in her own right, and may prosecute and defend all actions for the preservation and protection of her rights and property, as if unmarried".

Section 10466, Code 1927, reads as follows:

"Contracts may be made by a wife and liabilities incurred, and the same enforced by or against her, to the same extent and in the same manner as if she were unmarried."

It is apparent from the latter section that the wife is given the right to contract as if she were unmarried. The first-quoted section directs that the wife may receive wages for her personal labor and maintain an action therefor in her own name and hold the same in her own right.

It will be noticed that section 10466 contains no limitations, but gives her the general right to contract, and 10461 gives her the right to receive the wages for her personal labor. But the defendants insist that while this right to contract and collect wages exists generally, she has no right to make such contract and collect wages from her husband.

Great stress is laid on the case of Heacock v. Heacock, 108 Iowa 540, 79 N. W. 353, 75 Am. St. Rep. 273. As we view it, that case has no bearing on the question before us, as the claim therein made was on a promissory note given by the husband to the wife prior to his death, and involved no question of a contract for wages, and what was said in that case as to contracts for wages is purely dictum.

It is the rule in Iowa that a wife cannot maintain an action against her husband for a tort. In re Estate of Dolmage, 203 Iowa 231, 212 N. W. 553; Maine v. James Maine & Sons Co., 198 Iowa 1278, 201 N. W. 20, 37 A. L. R. 161; Heacock v. Heacock, supra; Peters v. Peters, 42 Iowa 182.

But these decisions scarcely reach the question before us, because the proceedings here is not a court action, but an action under the special statutory provision known as "the Workmen's Compensation Act"; nor do sections 10462 and 10463 have anything to do with the question now under consideration. Chapter 214, Acts of the 44th G. A., which probably overturns the opinions as to tort action above set out, was passed after the occurrence of the action involved in this proceedings. The same may be said of what is now section 10991-d1, Code 1931.

There is an undoubted difference between the services of a mar-

ried woman when she is performing services that are usually and ordinarily incident to the marital relation and those which are not incident thereto. We held in Mewhirter v. Hatten, 42 Iowa 288, 20 Am. Rep. 618, and Carse v. Reticker, 95 Iowa 25, 63 N. W. 461, 58 Am. St. Rep. 421, that a wife may not recover for services performed in the ordinary household affairs.

In Grant v. Green, 41 Iowa 88, we held that a wife is not entitled to claim against her husband for services rendered him, such as caring for him during insanity, etc., and a contract therefor for such services would be void.

In Booth v. Backus, 182 Iowa 1319, 166 N. W. 695, 696, the wife was teaching school, and by garnishment under execution, the wife's wages were sought to be applied on the judgment. In that case we said:

"Here she was employed by the Independent School District, and her earnings belonged to her alone, and not to the husband."

In Gilbert, Hedge & Co. v. Glenny, 75 Iowa 513, 39 N. W. 818, 1 L. R. A. 479, and Bartholomew v. Adams, 143 Iowa 354, 121 N. W. 1026, we held that the keeping of boarders by a married woman is such a business, independent of her duties as a wife, as entitles her to hold the proceeds of such business as her own.

In Snyder v. Nixon, 188 Iowa 779, 176 N. W. 808, we held that, where services were rendered by a wife in the care of her father, under an express or implied agreement that she will be compensated therefor, the wife may recover for such services, without any assignment by the husband to the wife.

In Tucker v. Anderson, 172 Iowa 277, 154 N. W. 477, Ann. Cas. 1918A, 769, it is held that an action to recover wages for the personal labor of the wife, performed with the husband's consent, is properly brought by the wife in her own name.

The distinguishing point between these lines of cases is the general nature of the services performed. If the services performed are within the scope of those demanded by the marital relation, then the wife may not contract with the husband for such services; but, where the services rendered are of a general nature, beyond the scope of those demanded by the marriage relation, she may contract with her husband for the same and recover from him therefor. See Bohanan v. Maxwell, 190 Iowa 1308, 181 N. W. 683, 14 A. L. R. 1004; Foxworthy v. Adams, 136 Ky. 403, 124 S. W. 381, 27 L. R. A.

(N. S.) 308, Ann. Cas. 1912A, 327; Michigan Trust Co. v. Chapin, 106 Mich. 384, 64 N. W. 334, 58 Am. St. Rep. 490; Coleman v. Burr, 93 N. Y. 17, 45 Am. Rep. 160; also, see, Tuttle v. Shutts, 43 Colo. 534, 96 P. 260; Roche v. Union Trust Co. (Ind. App.) 52 N. E. 612; In re Cormick's Estate, 100 Neb. 669, 160 N. W. 989, L. R. A. 1917D, 265; 30 C. J., sec. 260, p. 682.

In Page on Law of Contracts (2d Ed.) vol. 2, sec. 932, p. 1651, it is said:

"If the contract between the husband and wife requires her to perform services which she is not bound to do by reason of the marital relation between the parties, such contract is enforceable if husband and wife have power to enter into a contract with one another. A contract by which a wife agrees to act as a private detective in her husband's detective agency, or as a clerk, or as a selling clerk, or as a cook in his restaurant, is valid."

We are of the opinion that the enabling acts of the statutes of this state are such that this wife had the right to enter into this contract with her husband to perform these services. The services performed were wholly outside of the ordinary and usual services of a housewife and foreign to the usual duties of a housewife. We say, therefore, that she had the right to enter into this contract with her husband.

One other question is discussed, and that is that the industrial commissioner found that there was not sufficient evidence to show that such a contract was ever entered into between this husband and wife.

It is the ordinary rule in all cases of this character that, where there is a fact found by the industrial commissioner on substantial, competent, supporting, and conflicting testimony, such finding is conclusive on the courts. Among other cases, see Belcher v. Des Moines Electric Light Co., 208 Iowa 262, 225 N. W. 404; Norman v. City of Chariton, 206 Iowa 790, 221 N. W. 481; Smith v. Marshall Ice Co., 204 Iowa 1348, 217 N. W. 264; Hinrichs v. Davenport Locomotive Works, 203 Iowa 1395, 214 N. W. 585.

We have studied this record with care, and do not find any material conflict in the testimony on this question. The testimony shows beyond doubt that there was a contract between this woman and her husband that she was to perform services in the printing office as she had done for about twelve years. There may be a slight

conflict as to the amount of her compensation or when she was to receive the same; yet the outstanding fact, as shown by the record, is that there was a contract between them by which she was to perform these services, and in this respect we think the industrial commissioner erred in holding that there was not sufficient evidence to show the existence of such contract. We are therefore of the opinion that the ruling of the district court in reversing the finding of the industrial commissioner was right.—Affirmed.

KINDIG, C. J., and EVANS, DONEGAN, CLAUSSEN, and STEVENS, JJ., concur.