IN RE ESTATE OF FRED KLEINHESSELINK.

MINNIE SCHREUR, Appellee, v. H. C. MORET, Administrator, et al., Objectors, Appellants.

No. 45696.

OCTOBER 14, 1941.

Henry J. Te Paske, for appellants.

T. E. Klay, for appellee.

MITCHELL, J.—Minnie Schreur filed a claim against the estate of her brother Fred Kleinhesselink, for care and nursing of decedent during the last twenty years at the rate of two hundred dollars per year, or a total of four thousand dollars. The estate filed answer alleging,

1. That the services were rendered as one member of a family to another, and were presumed to be gratuitous.

2. That there was no express agreement for payment for the alleged services.

3. That there was no implied agreement for payment and no expectation on the part of claimant and decedent that payment would be made and received for such services.

4. That the amount claimed was grossly in excess of the value of the services.

5. That during most of the period for which claim is made the decedent was not in need of the special services upon which the claim is based.

6. A plea of payment.

The jury returned a verdict of four thousand dollars for the claimant, and the estate has appealed.

The decedent, Fred Kleinhesselink, was a bachelor; he died intestate on April 13, 1939, at the age of 47 years. The claimant, Minnie Schreur, was his sister. She lived with her husband and three children in a home in Orange City, Iowa. The three children married and left the home respectively in 1926, 1930 and 1934.

On August 1, 1918, the decedent began making his home

with the claimant and her family and continued to reside there until his death, except for visits and occasional temporary absences. When he first came in 1918 he could see a little. He suffered pain and had spells and couldn't go out which grew more severe as he grew older. He was cruelly deformed, his eyes bulged out of their sockets, had a growth on his head, his lips were hanging over and sticking out wide. The eyeball would slip out of the socket causing great pain and would have to be pushed back into the socket. He suffered a good deal from spells, causing him to go to sleep at the table while he was eating and before he had masticated the food in his mouth. He had these spells when he first came and they gradually grew worse during his lifetime. For the last 15 years he took medicine for his headaches and intestinal trouble and could see very little, if anything.

The appeal in this case is limited to the failure of the court to direct a verdict and in overruling the motion for a new trial.

It is first contended that since there was an express contract to pay for his board and room, that the care and nursing for which claimant seeks to recover under an implied contract is of the same general nature and subject matter as the board and room for which decedent admittedly paid under an express contract, so as to invoke the rule that no contract will be implied where there is an express agreement in reference to the same subject matter. We find no fault with the cases cited by appellant, but they do not apply to the facts in the case at bar.

The decedent paid Herman Schreur, not this claimant, for board and room. Mrs. Schreur is claiming for care and nursing. Over a period of twenty years she nursed the decedent. He demanded and claimant rendered continuous attention and real service. His physical condition was such that he was unable to take care of himself. Appellant argues that because the husband agreed to furnish board and room, that he would be required to furnish decedent with nursing, washing and other items of attention. With this we cannot agree. Board and room does not include nursing and care such as the record shows was performed for the decedent by this claimant, and in addition the claim is not made by the husband but by Mrs. Schreur, who rendered the services.

In the early case of Lindsey v. Lindsey, 116 Iowa 480, 482,

89 N. W. 1096, 1097, a settlement was made with the husband and the wife later sued on her implied contract for the board of employees, and the court said:

"A married woman has a right to contract for her own services * * * and may receive the wages of her personal labor and maintain action therefor in her own name * * *. In order to enable the wife to recover wages for her personal services performed for others it is not necessary that she be engaged in any separate business."

■■■ Appellant argues that the lower court erred in overruling the objector's motions for a directed verdict and for a new trial upon the grounds that the evidence was insufficient to establish a contract between decedent and claimant to pay for the services alleged by claimant.

There is direct evidence that the question of compensation was discussed by the decedent and the claimant. Not as certain as in some of the cases cited, it is true, but in this state it may be established by circumstances as well as by direct evidence.

In the case of Spicer v. Administrator, 201 Iowa 99, 101, 202 N. W. 604, 605, the court said:

"We have heretofore held that the mutual expectations of making and receiving compensation, as between the decedent and claimant, may be established by circumstance, as well as by direct evidence. That is to say, the nature and circumstances of the service may be such as to rebut the presumption of a gratuity."

In Snyder v. Nixon, 188 Iowa 779, 782, 785, 176 N. W. 808, 809, 810, this court said:

"It is a presumption that may be negatived, as well by circumstantial evidence as by direct; and, when this presumption is negatived, the general rule applies: to wit, that, where one renders services to another, with his knowledge, the law implies a promise to pay." * * *

"The relationship is not always controlling, though it is a large factor in determining the intent of the parties. The intent to pay may be inferred from facts tending to negative the presumption that they were rendered and accepted as a gratuity."

Then further in the same paragraph:

"There were no reciprocal services exacted or rendered, nor was he capable of rendering reciprocal services, in even the slightest degree, during the time he remained with the plaintiff. These facts may not be sufficient in themselves to overcome the presumption * * *, yet they have probative force, and are entitled to be considered by the jury in determining the ultimate question as to whether or not there was an intention on his part to compensate for the services rendered, and they have some probative force in negativing the thought that the services were rendered with no intention on his part to compensate his daughter therefor."

■ Claimant contends that under the facts and circumstances shown surrounding the relationship that existed between the decedent and the claimant that the rule of gratuitous services should not be invoked against her. The presumption of gratuity is based generally on the proposition that there is a mutuality of services and advantages derived from the family relationship.

This record clearly shows that there was no mutuality of services. The decedent contributed absolutely nothing toward the family relationship. This was due to his physical condition. He was unable to lead a normal life because of his deformities. For the last twenty years of his life he could see very little, if anything, and there is evidence that the last 15 years he was entirely blind. He had a tumor on the top of his head, and had what are referred to as "spells", when he suffered intense pain. His eyes would slip out of the sockets and had to be replaced. It was Minnie Schreur who rendered this service, and no one says she didn't do a good job. There is evidence that decedent wanted to borrow money to pay his sister. Certainly under this record the question was for the jury.

■ Appellant argues that the lower court erred in overruling the objector's motion for a direct verdict upon the ground that the claim for services alleged by the claimant belonged to her husband and that she could not maintain the action or recover therefor.

In the recent case of Reid v. Reid, 216 Iowa 882, 249 N. W. 387, this court has gathered the cases touching this particular

question and came to the conclusion that the wife had a contractual interest in her own services and could maintain an action therefor. In view of the above-cited case it is not necessary to again review the authorities.

Finally it is argued that the court erred in not withdrawing from the jury that part of the claim for services rendered prior to 1932. With this we cannot agree, the facts in this case shown by this record were such at the time of the entry of the decedent into the appellee's home, as to justify the jury in finding that claimant was entitled to be compensated from the date of her claim. Finding no error, the case must be and it is affirmed.—Affirmed.

The CHIEF JUSTICE and all JUSTICES concur.